MICHIGAN ROAD BUILDERS ASSOCI-
ATION INC., a Michigan Corporation,
et al. Plaintiffs,

v.

William G. MILLIKEN, as Governor of
the State of Michigan, et al.
Defendants.

No. 81–72258.

United States District Court,
E.D. Michigan, S.D.

Feb. 10, 1986.

**4**

Margaret E. Greene, Birmingham, Mich., for plaintiffs.

Brent E. Simmons, Lansing, Mich., for defendants.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

JULIAN ABELE COOK, Jr., District Judge.

This action was originally filed in July, 1981 by several non-profit associations and for-profit corporations, who have or are doing business or seeking contracts with the State of Michigan. In their original Complaint, Plaintiffs (hereinafter collectively referred to as "the Michigan Road Builders") alleged that their constitutional and civil rights had been violated by the enactment and enforcement of Michigan's Public Act 1980, No. 428 ("P.A. 428"). M.C.L. § 450.771 *et seq.;* M.S.A. § 3.540(51) *et seq.* Defendants, the former Governor of Michigan and various State officials, agencies and departments ("the State of Michigan"), denied those allegations claiming that P.A. 428 was constitutional and consistent with the laws of the United States.

On March 26, 1982, the Michigan Road Builders filed an Amended Complaint further alleging that the State of Michigan, and in particular the Michigan Department of Transportation (MDOT), "wholly apart from P.A.1980, No. 428, and without legislative authorization, has determined that exclusively state discretionary funds may be voluntarily set aside by State departments for the procurement of goods, services and construction from minority-

owned and woman-owned businesses." Amended Complaint, paras 7, 12 and 13.

Motions for Summary Judgment were filed by both sides in November, 1981. On August 12, 1983 this Court issued a Memorandum Opinion and Order Denying Plaintiffs' Motion for Summary Judgment and Granting Defendants' Motion for Summary Judgment. *Michigan Road Builders Association, Inc. v. Milliken,* 571 F.Supp. 173 (E.D.Mich.1983).[1] The Court found that "P.A. 428 is constitutionally permissible and is not violative of the Equal Protection Clause of the Fourteenth Amendment," and that furthermore the Act "does not violate 42 U.S.C. section 1981, 42 U.S.C. section 1983, 42 U.S.C. section 2000d, 42 U.S.C. section 2000e". 571 F.Supp. at 190. Judgment for the State of Michigan was entered on August 12, 1983.

Plaintiffs appealed that Judgment to the U.S. Court of Appeals for the Sixth Circuit. On September 17, 1984, the Sixth Circuit dismissed the appeal for lack of jurisdiction. *Michigan Road Builders Assoc., Inc., v. Milliken,* 742 F.2d 1456 (6th Cir 1984). In its Order of dismissal, the Sixth Circuit stated that the district court had not decided the claims against MDOT. It further stated that since not all claims had been decided by this Court, and since no Rule 54(b) certification had been granted, it was without jurisdiction to review the August 12, 1983 decision.

It appears that while the Judgment of August 12, 1983 disposed of Plaintiffs' constitutional and federal statutory claims, as set out in the original Complaint, that decision left unresolved certain claims set out in the Amended Complaint. Specifically, whether the State of Michigan and MDOT have implemented voluntary programs, without legislative approval and apart from P.A. 428, for the setting aside of exclusively State discretionary funds for the procurement of goods, services, and construction from minority-owned and woman-owned businesses. Further, Defendants

---

1. The Department of Transportation is mistakenly identified as the Department of Treasury in this Court's Opinion of August 12, 1983.

contended that the August 12, 1983 Opinion and Judgment left unresolved the issue of whether Plaintiffs lacked standing to bring this action.

On October 23, 1984, a status conference was held to discuss disposition of the remaining issues. Counsel for the Michigan Road Builders and the State of Michigan appeared. At that time, Plaintiffs' counsel indicated that her clients no longer wished to pursue those claims and that they were willing to stipulate to a dismissal. Counsel for the State indicated its willingness to enter into a stipulation of dismissal. The Court then directed Plaintiffs' counsel to prepare the necessary papers.

No stipulation was ever prepared. On August 2, 1985, nine months after the status conference, the State of Michigan filed a Motion for Summary Judgment on the remaining claims, along with two supporting Affidavits, exhibits from the present stipulated record and additional public documents from state agencies. Plaintiffs filed a response on January 24, 1986 and a hearing was held on January 27, 1986.

Upon a review of the record, Affidavits and statements of counsel in the present case, the Court determines that there are no genuine issues as to any material fact on the remaining issues and claims. The State of Michigan is entitled to judgment as a matter of law, in accordance with Fed.R.Civ.P. 56(c). The Court bases its ruling upon the following undisputed facts and conclusions of law.

As reflected in the careful wording of their Amended Complaint, Plaintiffs do not dispute that P.A. 428 authorizes the use of set asides *by requiring* that certain percentages of state expenditures be awarded to minority and woman-owned businesses". Amended Complaint, para. 9. (Emphasis added). Indeed, both the plain language of the statute and its legislative history indicate that P.A. 428 authorizes the use of set asides. The statute expressly states that "each department *shall* provide for the following percentage of expenditures *to be awarded to minority owned and woman owned businesses* ...". M.C.L. § 450.-772(1); M.S.A. § 3.540(52)(1) (emphasis added). The legislative analysis of both the Michigan House and the Senate refer to the measure as a "set aside program." Defendants' Exhibits 19A(17); 49.

Plaintiffs' assertion, on the other hand, is that the state has voluntarily set aside exclusively state discretionary funds "wholly apart from P.A.1980, No. 428, and without legislative authorization." Amended Complaint, paras. 7, 12 and 13. In their First Amended Complaint, Plaintiffs rely upon Defendants' Exhibit 46G in supporting its claim against MDOT. Plaintiffs have offered no other evidence against other state agencies, departments or officials in support of their claims that those agencies have also set aside state discretionary funds without legislative authorization. See Amended Complaint, paragraph 12.

Exhibit 46G is entitled "Michigan Department of Transportation, the Expanded Minority Business Enterprise (MBE) and Woman Business Enterprise (WBE) Program Procedures", and is dated February 18, 1981. The Expanded Program Procedures were apparently promulgated, in part, in response to federal regulations by the U.S. Department of Transportation, published on March 31, 1980. See 49 CFR Part 23.

The Court notes that the November 16, 1981 Affidavit of Ho-Lum Wong, acting liaison officer for MDOT, states that:

"MDOT has never implemented any bid procedure requiring or permitting set aside for females or minorities as a result of 1980 PA 428, or any administrative policies issued pursuant thereto."

(Affidavit, paragraph 7)

However, Mr. Wong also states that Exhibit 46G is MDOT's governing policy (paragraph 5). As stated on page 1 of the document:

"In addition to the procedures as outlined in this program, the Department (of Transportation) will adhere to all current Federal *and State* laws, regulations and orders concerning Minority Business Enterprises and Woman Business Enter-

prises as related to the Department's program." (emphasis added).

Thus, the Expanded Program Procedures were subject to state, as well as federal, laws and regulations, despite Mr. Wong's statement that MDOT had not implemented procedures pursuant to P.A. 428. It is not disputed, however, that MDOT did, in fact, have a set-aside program in operation.

Since P.A. 428 was effective January 13, 1981, a month prior to the effective date of the Expanded Program Procedures, it is clear that P.A. 428 provided legislative authority for the kind of set-aside program established by MDOT in Defendant's Exhibit 46G. Plaintiffs do not dispute that the Expanded Program Procedures and P.A. 428 provided authority for MDOT's set-aside program as of February 18, 1981, and the Court so finds.

Defendant Exhibit 46G has been superseded by MDOT's "Disadvantaged Business Enterprise (DBE), Minority Business Enterprise (MBE), and Woman Business Enterprise (WBE) Program Procedures", dated June 27, 1984. See Defendant's Exhibit 55. That policy statement expressly cites P.A. 428 as MDOT's program authority for attaining the minority- and woman-owned business procurement goals required for 100 percent State funded projects. Defendant's Exhibit 55, pp. 1 and 8. In addition, Mr. Larry L. Leatherwood, Liaison Officer for MDOT's Office of Small Business Liaison, states in his Affidavit accompanying the State's Motion for Summary Judgment that: "Since at least January 1984 MDOT has recognized that the standards and requirements of 1980 P.A. 428 do apply to its set aside program involving 100% State funded contracts". Def. Exhibit 56, p. 2.

Plaintiffs have offered no controverting affidavits or evidence, as required under FRCP 56(e), in response to Exhibits 55 and 56, which were offered in support of the State's Motion for Summary Judgment. Accordingly, the Court finds that MDOT's set aside program is both authorized by and is pursuant to P.A. 428. Furthermore, since Plaintiffs have offered no evidence to support their allegations with regard to other State agencies, the Court also concludes that in this case no violation of P.A. 428 has been shown in the operation of set aside programs by other State agencies, departments or officials.

Summary Judgment shall therefore be entered in favor of Defendants and against Plaintiffs on the remaining claims set out in the Amended Complaint.

Before concluding this matter, the Court notes that on July 12, 1983, a month prior to this Court's original August 12, 1983 decision, the Sixth Circuit upheld the constitutionality of the set aside provisions of the Ohio minority business enterprise statute in *Ohio Contractors Association v. Keip*, 713 F.2d 167 (6th Cir.1983). This Court has reviewed that decision, as well as the Eleventh Circuit's decision in *South Florida Chapter of Associated General Contractors of America, Inc. v. Metropolitan Dade County, Florida*, 723 F.2d 846 (11th Cir.1984), *cert. den.* 469 U.S. 871, 105 S.Ct. 220, 83 L.Ed.2d 150.

The Court further finds that its August 12, 1983 decision is consistent with the standards set forth in the Sixth Circuits' Opinion in *Ohio Contractors*, and therefore it reaffirms its decision upholding the constitutionality and validity of P.A. 428. The Court finds that the Plaintiffs had standing to assert their claims regarding the constitutionality and validity of P.A. 428.

SO ORDERED.