**Ruth M. SPEER, Plaintiff–Appellant,**

v.

**CITY OF OREGON, Lucas County Board of Elections, James Brennan, John McHugh, June Boyd, Joseph Burnett, and Michael J. Beazley, Director of Board of Elections, Defendants–Appellees.**

No. 87–3773.

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 26, 1988.

Decided May 25, 1988.

James D. Caruso, argued, Kevin E. Joyce, Connelly, Soutar & Jackson, Toledo, Ohio, for plaintiff-appellant.

Nick Batt, Ralph C. Zychowicz, Toledo, Ohio, Paul S. Goldberg, argued, Asst. Pros. Attys., for defendants-appellees.

Before KRUPANSKY and WELLFORD, Circuit Judges; and GILMORE*, District Judge.

WELLFORD, Circuit Judge.

Ruth Speer, plaintiff herein, resides in the City of Oregon, Ohio, and has so resided since July 1986. Speer moved from California to Oregon, Ohio. She sought to have her name placed on the ballot for the

---

* The Honorable Horace W. Gilmore, United States District Court for the Eastern District of Michigan, sitting by designation.

September 1987 election as a candidate for the City of Oregon City Council. The Lucas County Board of Elections, which had jurisdiction over this election, refused to allow her name to be placed on the ballot because of the two year residency requirement contained in the City of Oregon's City Charter, Art. III § 2. Speer promptly filed suit in district court, alleging that the two year residency requirement violated her rights to freedom of expression, to freedom of association, and to travel under 42 U.S.C. § 1983. Speer also sought declaratory relief and preliminary and permanent injunctions with respect to defendants' refusal to put her name on the ballot. The district court heard the case under Fed.R.Civ.P. 65(a)(2) and found that the residency requirement did not violate Speer's constitutional rights.

■ We must first consider the threshold question of mootness in addressing this appeal, since it appears that no actual controversy still exists between the parties. We must decide whether the "case or controversy" jurisdictional requirement of Article III of the United States Constitution is met. *See Rettig v. Kent City School District,* 788 F.2d 328, 330 (6th Cir.), *cert. denied,* 478 U.S. 1005, 106 S.Ct. 3297, 92 L.Ed.2d 711 (1986). "Mootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief." *Carras v. Williams,* 807 F.2d 1286, 1289 (6th Cir. 1986). In the instant case, plaintiff sought to have her name placed on the ballot for an election that occurred in September 1987. If we cannot now effect the requested relief, any opinion that this court might render on the underlying dispute would be merely advisory, for plaintiff may no longer have any legally cognizable interest in the outcome. *See Powell v. McCormack,*

395 U.S. 486, 496, 89 S.Ct. 1944, 1950, 23 L.Ed.2d 491 (1969).

A case will not be found moot if it raises issues that are "capable of repetition, yet evading review." *See Southern Pacific Terminal Co. v. ICC,* 219 U.S. 498, 515, 31 S.Ct. 279, 283, 55 L.Ed. 310 (1911); *DeFunis v. Odegaard,* 416 U.S. 312, 318–19, 94 S.Ct. 1704, 1706, 1707, 40 L.Ed.2d 164 (1974). This doctrine applies in exceptional situations in which two conditions exist: "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again."[1] *Weinstein v. Bradford,* 423 U.S. 147, 149, 96 S.Ct. 347, 348, 46 L.Ed.2d 350 (1975). In *Los Angeles v. Lyons,* 461 U.S. 95, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983), the Court made it clear that the named plaintiff has the responsibility of making a reasonable showing that she will again be subjected to the challenged action; otherwise, no actual controversy exists. *Id.* at 109, 103 S.Ct. at 1669, 104, 103 S.Ct. at 1666.

In the instant appeal, the first prong of *Weinstein* is easily met. Little more than two months passed between the time when plaintiff learned that her name was not being placed on the ballot and the occurrence of the Oregon election. The second prong, however, has not been met. Speer has made no showing that she reasonably can be expected again to be denied a place on a ballot because of the durational residency requirements in question. Indeed, by the time the next election for the City of Oregon City Council is held, Speer will satisfy Oregon's two year residency requirement.[2] Because Speer cannot again be subjected to the claimed illegality, we are persuaded that her claim should be

---

**1.** The Supreme Court has held that a plaintiff who challenges the constitutionality of a durational residency requirement in a class action may continue to litigate the suit as class representative even after her individual claim becomes moot. *Sosna v. Iowa,* 419 U.S. 393, 399–401, 95 S.Ct. 553, 557, 558, 42 L.Ed.2d 532

(1975); *cf. Dunn v. Blumstein,* 405 U.S. 330, 333 n. 2, 92 S.Ct. 995, 998 n. 2, 31 L.Ed.2d 274 (1972). The plaintiff in the instant case did not bring suit in a representative capacity; therefore, these cases are not controlling.

**2.** The next elections for the City of Oregon City Council will not occur until September 1989.

deemed moot.[3]  *Accord Henderson v. Forth Worth Independent School District,* 526 F.2d 286, 288 n. 1 (5th Cir.1976).

We raised the mootness issue *sua sponte* at oral argument since neither party addressed the issue in its brief.  We afforded the parties an opportunity to respond both orally and, subsequently, by brief.  The parties have responded to this invitation by filing supplemental briefs, which we have carefully considered.

■ Speer no longer has a continuing interest in the election that has been held.[4]  Her name was not placed on the Republican primary ballot, and the general election for the positions on the City Council has since taken place.  Plaintiff has not argued that this court should displace any person duly elected to the Oregon City Council.  These events that have occurred have for all intents and purposes "completely and irrevocably eradicated the effects of the alleged violation."  *County of Los Angeles v. Davis,* 440 U.S. 625, 631, 99 S.Ct. 1379, 1383, 59 L.Ed.2d 642 (1979).  A case cited as authority for Speer's position, *Dunn v. Blumstein,* 405 U.S. 330, 92 S.Ct. 995, 31 L.Ed.2d 274 (1972), dealt with an asserted voting right, not the right to be a candidate for public office.  The right to vote generally compels much stricter scrutiny as a fundamental right than does the right to offer one's self as a candidate for public office.  *See Bullock v. Carter,* 405 U.S. 134, 142–43, 92 S.Ct. 849, 855, 856, 31 L.Ed. 2d 92 (1972).  *Dunn,* moreover, unlike the instant case, involved a plaintiff representing a class.  We do not, therefore, consider *Dunn* to be applicable to the situation before us with respect to mootness.

We conclude that the case has been rendered moot and that the "capable of repetition, yet evading review" principle does not apply to these circumstances.

Accordingly, we DISMISS this appeal.

---

**3.** Plaintiff cannot avoid mootness by engaging in speculation that at some point in the future she may move and then return and seek to run for City Council and again be subjected to the residency requirement.  *Cf. Sosna,* 419 U.S. at 400, 95 S.Ct. at 557.

*Compare Storer v. Brown,* 415 U.S. 724, 737 n. 8, 94 S.Ct. 1274, 1282 n. 8, 39 L.Ed.2d 714 (1974).  In *Storer,* which involved federal rather than city elections, however, some voters seeking to vote for independent candidates also filed suit, and the Court may have assumed that the voters might again be affected by the statute at issue.  *Accord Anderson v. Celebrezze,* 460 U.S. 780, 784 n. 3, 103 S.Ct. 1564, 1567 n. 3, 75 L.Ed.2d 547 (1983).

Nor does plaintiff's citation to *Moore v. Ogilvie,* 394 U.S. 814, 89 S.Ct. 1493, 23 L.Ed.2d 1 (1969), persuade us that the instant case is not moot.  In *Moore* independent candidates for presidential electors challenged a provision of the Illinois Election Code that the Supreme Court had upheld in *MacDougall v. Green,* 335 U.S. 281, 69 S.Ct. 1, 93 L.Ed. 3 (1948).  Although the election at issue had occurred, the Court found the appeal not moot because

> the burden which *MacDougall v. Green* allowed to be placed on the nomination of candidates for statewide offices remains and controls future elections, as long as Illinois maintains her present system as she has done since 1935.  The problem is therefore "capable of repetition, yet evading review."  The need for its resolution thus reflects a *continuing controversy in the federal-state area* where our "one man, one vote" decisions have thrust.

*Id.* 394 U.S. at 816, 89 S.Ct. at 1494 (citation omitted) (emphasis supplied).  The instant case involving the effect of a city charter provision on municipal elections does not present "a continuing controversy in the federal-state area"; nor has the Supreme Court previously validated the City of Oregon's durational residency requirement.

**4.** Another panel of this court denied extraordinary relief and an expedited hearing prior to the holding of the election at issue.