**Larry A. KACZALA,
Plaintiff–Appellant,**

v.

**LUCAS COUNTY BOARD OF ELECTIONS, et al., Defendants–Appellees.**

No. 87–3829.

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 26, 1988.

Decided June 6, 1988.

Larry A. Kaczala, (argued), Szczepaniak, Hoffer & Kaczala, Toledo, Ohio, for plaintiff-appellant.

Larry A. Kaczala, Toledo, Ohio, pro se.

Paul S. Goldberg, Asst. Lucas Co. Pros., Toledo, Ohio, for Lucas Bd. of Elections.

Geoffrey H. Davis (argued), Toledo, Ohio, for City of Toledo.

Before: KRUPANSKY and WELLFORD, Circuit Judges; and GILMORE, District Judge.*

WELLFORD, Circuit Judge.

Larry Kaczala, an attorney and resident of Toledo, filed a petition in July 1987 with the Lucas County Board of Elections to have his name placed on the ballot as a candidate for Toledo City Council for the September 1987 primary election. The Board of Elections refused to put his name on the ballot because of a City Charter three year residency requirement. (Kaczala had lived within the city limits for only two years and two months, but had lived immediately outside the city limits previously.) Kaczala filed suit in district court, alleging denial of equal protection and violation of his rights of freedom of expression and association under § 1983. He requested declaratory relief and a preliminary and permanent injunction of the Election Board's refusal to put his name on the ballot. The district court consolidated the hearing on the preliminary injunction and the trial on the merits under Fed.R.Civ.P. 65(a)(2), and found that the three year residency requirement was constitutional, citing *Beil v. City of Akron,* 660 F.2d 166 (6th Cir.1981). Kaczala was denied relief accordingly. We affirm.

We heard oral argument in this case at the same time we heard argument in a comparable case, *Speer v. City of Oregon, et al.,* No. 87–3773. We have filed and published a decision in the *Speer* case holding that the issues have been rendered moot and dismissing the appeal. *See Speer v. City of Oregon,* 847 F.2d 310 (6th Cir. 1988). We reach the same result in this case, because we find the same legal principles apply.

As was the case in *Speer,* Kaczala's appeal from the adverse decision of the district court was not expedited, and the contested election was not stayed. There will be another election for the City Council position in 1989, and there appears to be no impediment to preclude Kaczala from offering himself in that election. He did not file his complaint as a class action seeking relief not only for himself but also for others similarly situated. The requested relief sought by Kaczala with respect to the 1987 election cannot now be granted as a practical matter. He no longer has any legally cognizable interest in the outcome of the election which was the subject matter of his complaint. *Powell v. McCormack,* 395 U.S. 486, 496, 89 S.Ct. 1944, 1950, 23 L.Ed. 2d 491 (1969). The requirements of *Weinstein v. Bradford,* 423 U.S. 147, 149, 96 S.Ct. 347, 348, 46 L.Ed.2d 350 (1975), are not met as an exception to the mootness standards for cases "capable of repetition, yet evading review." *See also DeFunis v. Odegaard,* 416 U.S. 312, 318–19, 94 S.Ct. 1704, 1706–07, 40 L.Ed.2d 164 (1974).

Even if the issues are moot as to the equitable relief sought by Kaczala, he argues that his case was instituted under 42 U.S.C. § 1983 and that he sought in addition to injunctive and declaratory relief, attorneys fees and costs and "such other and further relief as may be just and eq-

---

* The Honorable Horace W. Gilmore, United States District Judge for the Eastern District of Michigan, sitting by designation.

uitable." He claims that he is entitled to legal relief in the form of damages, fees and costs for the defendants' alleged unconstitutional action in failing to place his name on the ballot, particularly since he argues that "[F]or all practical purposes, the plaintiff has been a life-long resident of the City of Toledo." (Plaintiff's affidavit set out in his brief on appeal and the stipulation of the parties.) [1]

Plaintiff did not argue in his brief that he still claimed other legal remedies, such as damages or fees, if the injunctive relief were denied. Instead, he conceded that "[I]f the plaintiff's name is not placed on the ballot and he ultimately wins this Court action, he will have *no* remedy against the defendants. The election will be over." (Plaintiff's brief on appeal).

There is no evidence in the record that plaintiff made a similar argument claiming damages or comparable relief to the district court. There was nothing set out in the stipulation of facts presented to the district court that plaintiff sought damages under § 1983 rather than equitable relief.

We find no contention presented by Kaczala to persuade us to reach a different result than was reached in the *Speer* case, to which we make specific reference as our basis to conclude that mootness applies under the circumstances here. We accordingly dismiss this appeal.

1. Defendants may well have recognized some exception to the three consecutive years residency requirement of the City of Toledo due to the circumstances of Kaczala's unquestioned close connections with the City of Toledo and his attendance during the required residency period at the University of Toledo College of Law. Since we find the constitutional issues to be moot, however, we do not review the actions of the defendants.