880 F.2d 1321
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Paul Larry FRESHOUR, Plaintiff-Appellant,
v.
William AMMER, Judge; Dwight Radcliffe, Sheriff,
Defendants-Appellees.
 No. 88-4162.
 United States Court of Appeals, Sixth Circuit.
 July 26, 1989.
 
 1
 Before KENNEDY and KRUPANSKY, Circuit Judges, and WENDELL A. MILES, Senior District Judge.*
 
 ORDER
 
 2
 This Ohio prisoner appeals the district court's summary judgment dismissing his civil rights claim as moot. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the record and the briefs, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In a complaint filed pursuant to 42 U.S.C. Sec. 1983, Paul Larry Freshour alleged that, while he was held in the Pickaway County (Ohio) jail, defendants violated his first amendment rights by imposing unreasonable restrictions on his outgoing mail. Freshour sought the return of his mail and a declaratory judgment that his rights had been violated.
 
 
 4
 Upon review we conclude that summary judgment was proper because there was no genuine issue of material fact and defendants were entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Shavrnoch v. Clark Oil & Refining Corp., 726 F.2d 291 (6th Cir.1984).
 
 
 5
 Essential facts are not in dispute. While Freshour was held in the county jail awaiting trial on criminal charges, defendant judge issued an order that Freshour's outgoing mail should be censored and that only non-obscene letters addressed to his family or attorney should be mailed. After Freshour was convicted and transferred to a state penitentiary, the judge ordered the release of all outgoing letters that had been withheld pursuant to the original order.
 
 
 6
 Defendants were entitled to judgment as a matter of law because the case is moot. See Speer v. City of Oregon, 847 F.2d 310, 311 (6th Cir.1988). Freshour's transfer from the county jail rendered his claims for injunctive and declaratory relief moot. See Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir.1985). Contrary to Freshour's arguments, his claims do not fall within the exception to the mootness doctrine for matters "capable of repetition, yet evading review." See Weinstein v. Bradford, 423 U.S. 147 (1975). The exception applies only where the challenged conduct is of limited duration, too short to be litigated prior to its cessation, and there is a reasonable expectation that the complaining party will be subjected to the same conduct again. 423 U.S. at 149. Freshour's assertions are too speculative to meet the requirement for making a reasonable showing that he will again be subjected to the challenged conduct. See Murphy v. Hunt, 455 U.S. 478, 482-83 (1981) (per curiam).
 
 
 7
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Wendell A. Miles, Senior U.S. District Judge for the Western District of Michigan, sitting by designation