933 F.2d 1010
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Eddie STREET, Defendant-Appellant.
 No. 90-5538.
 United States Court of Appeals, Sixth Circuit.
 May 21, 1991.
As Amended and Dissenting Opinion Filed July 19, 1991.
 
 Before KEITH and KRUPANSKY, Circuit Judges, and ENGEL, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Eddie Street ("defendant") appeals from the district court's April 2, 1990, order denying defendant's motion for reconsideration of the district court's March 16, 1990, order. The district court's March 16, 1990, order reversed the magistrate's February 23, 1990, order placing defendant's financial records which were submitted in support of defendant's request for appointed counsel under seal. For the reasons stated below, we VACATE.
 
 I.
 
 2
 On November 15, 1989, a four-count indictment was filed in the Middle District of Tennessee charging defendant with two counts of filing a false income tax return in violation of 26 U.S.C. Sec. 7206(1), one count of failure to file an income tax return in violation of 26 U.S.C. Sec. 7203, and one count which consisted of conspiring both to file false returns in violation of 26 U.S.C. Sec. 7206(1) and to defraud lending institutions in violation of 18 U.S.C. Sec. 1341. On November 17, 1989, defendant was arrested and released on bond.
 
 
 3
 On December 8, 1989, defendant appeared before the magistrate and submitted a Criminal Justice Act ("CJA" or the "Act") Form 23 Financial Affidavit[1] in support of his request that counsel be appointed to represent him in this case. After reviewing the affidavit, the magistrate appointed the Federal Public Defender's Office to represent defendant under the Act. See 18 U.S.C. Sec. 3006A. That same day, the government filed a motion to reconsider appointment of counsel, requesting the court require defendant to file more detailed financial information. The magistrate granted the government's motion. Defendant then filed motions for an ex parte hearing, for protective orders and for reconsideration.
 
 
 4
 On January 5, 1990, the government responded to defendant's motion. In its response, the government acknowledged that the information regarding defendant's financial status could not be used against defendant at trial. On January 11, 1990, a hearing on both parties' motions was held before the magistrate. After reviewing all of the information provided by the prosecution at the hearing of January 11, 1990, as well as the Form OBD-500 and other financial records, the magistrate let stand the earlier order appointing counsel. Following the hearing, the magistrate ordered defendant to complete the Department of Justice's Form OBD-500 and submit it to the court under seal. In compliance with the magistrate's order, defendant filed financial records with the court on January 12, 1990. On February 23, 1990, the magistrate entered an order placing the financial documents submitted by defendant under seal.
 
 
 5
 The government then filed a notice of appeal with the district court on February 28, 1990. The district court issued an order on March 16, 1990, reversing, as clearly erroneous, the magistrate's order sealing the financial documents. The district court further stated in the order that "[t]he United States is precluded from using information in the affidavits and financial records against the defendant in its case-in-chief." Joint Appendix at 35. Defendant then filed a motion to stay the district court's order releasing his financial information to the government. The district court granted this motion on March 21, 1990. Defendant filed a motion to reconsider the order unsealing the financial information on March 23, 1990. The district court orally denied defendant's motion to reconsider on April 2, 1990, and reduced this order to writing on April 9, 1990. On April 5, 1990, following the district court's oral ruling, defendant filed a motion for stay of the order of April 2, 1990, pending appeal to this Court. Defendant then filed a timely notice of appeal to this Court on April 5, 1990. The district court granted the motion to stay on April 9, 1990. Defendant pled guilty on April 2, 1990, and was sentenced on June 11, 1990, to a term of two years incarceration.
 
 II.
 
 6
 On appeal, defendant urges this Court to reverse the district court's order unsealing the financial documents submitted by defendant in support of his application for appointed counsel. Defendant argues that the government is not entitled to view the documents under seal when they have not shown just cause for their disclosure. Defendant urges this Court to determine the extent to which the government may be involved in the appointment of counsel to indigent defendants and what measures may be taken to protect such a defendant's sixth amendment right to counsel. The government counters that it is not required to show cause for the disclosure of defendant's financial records and that it is allowed to participate in the court's determination of defendant's financial eligibility for appointed counsel.
 
 
 7
 Defendant pled guilty and was sentenced during the pendency of this appeal. He was afforded counsel throughout the proceedings in the direct case and the documents remained sealed, thus precluding government participation in the determination of defendant's financial eligibility. We therefore conclude the issue of whether the district court properly ordered the documents unsealed is moot.
 
 
 8
 The doctrine of mootness has two distinct branches, one stemming from Article III jurisdictional limitations and one stemming from discretionary or prudential considerations. Chamber of Commerce v. United States Dep't of Energy, 627 F.2d 289, 291 (D.C.Cir.1980)
 
 
 9
 Because mootness is a threshold jurisdictional issue, this Court must determine if an "actual controversy still exists between the parties." WJW-TV, Inc., v. City of Cleveland, 878 F.2d 906 (6th Cir.1989) (quoting Speer v. City of Oregon, 847 F.2d 310, 311 (6th Cir.), cert. denied, 478 U.S. 1005 (1986)). Mootness is determined by examining whether an actual controversy between the parties exists in light of intervening circumstances. See Carras v. Williams, 807 F.2d 1286, 1289 (6th Cir.1986) ("Mootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief").
 
 
 10
 Courts have developed principles closely related to Article III mootness doctrine which guide their discretion to forego decision on the merits in some circumstances actually leaving them with the power to act; thus a court may refuse to entertain a suit which is not actually moot, but is so attenuated that considerations of prudence counsel the court to stay its hand. See Community for Creative Non-Violence v. Hess, 745 F.2d 697, 700 (D.C.Cir.1984).
 
 
 11
 Notwithstanding the question of whether this appeal has been mooted in constitutional case or controversy terms, we conclude that we should treat this appeal as moot for prudential reasons. See United States v. (Under Seal), 757 F.2d 600, 603 (4th Cir.1985) (citing 13A WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE; JURISDICTION 2D Sec. 3533.1).
 
 
 12
 In the instant case, the need for this Court to fashion a remedy, sealing defendant's financial affidavits for the purpose of determining eligibility for appointed counsel, is negated by the fact that the documents have remained sealed throughout the course of the direct case as well as afterwards, that is, during the pendency of this appeal. Moreover, prudential concerns, in this case, also concern the imprudence of deciding on the merits a difficult and sensitive constitutional issue whose essence has been at least substantially altered by the intervening events, i.e., the conclusion of the direct case against defendant with the assistance of appointed counsel. See Under Seal, 757 F.2d at 603. We determine that the instant appeal has become so attenuated and remote as to warrant dismissal of this appeal pursuant to the Court's discretionary authority in the exercise of its power. See Chamber of Commerce, 627 F.2d at 292 (citing A.L. Mechling Barge Lines v. United States, 368 U.S. 324, 331 (1961); United States v. W.T. Grant Co., 345 U.S. 629, 632 (1953)).
 
 
 13
 Traditionally, under circumstances where an issue has become moot before final appellate adjudication, the lower court decision is remanded to the trial court with instructions to vacate the judgment below and dismiss the complaint or proceedings below. See Deakins v. Monaghan, 484 U.S. 193, 200 (1988); United States v. Munsingwear, 340 U.S. 36 (1950).
 
 
 14
 The determination that this appeal is moot and the vacation of the district court's order leaves standing the magistrate's order of February 23, 1990, sealing the documents pending further order of the district court. The documents remained sealed throughout the course of defendant's criminal trial, and will remain sealed pending further order of the court in accordance with the magistrate's order.[2] The result which would have been reached by the Magistrate's order is identical to the result which has been obtained by the district court's order sealing the documents pending the outcome of this appeal. The government was not permitted access to the sealed documents during the life of the direct case. Defendant has been accorded his sixth amendment right to counsel and was not required to condition the exercise of his sixth amendment right to counsel on the relinquishment of his fifth amendment right against self-incrimination. The government has successfully prosecuted defendant to conviction despite a possibly erroneous award of appointed counsel to defendant. There is no action left for this Court to take with respect to the issue of government participation in the court's determination of defendant's financial eligibility. The parties now stand in exact relation to each other as they would have had the events giving rise to this interlocutory appeal not occurred, i.e., had the district court not ordered the documents unsealed in the first instance.
 
 
 15
 Accordingly, this appeal is DISMISSED because of mootness, and the case is REMANDED to the district court with instructions to VACATE the district court's order of March 16, 1990.
 
 
 16
 ENGEL, Senior Circuit Judge, dissenting.
 
 
 17
 I respectfully dissent. The majority's decision to amend the opinion so as to vacate the district court order runs contrary to my understanding of what the earlier order was intended to accomplish. I would simply affirm the order of the district court. This would leave in effect the district court's order directing the unsealing of the documents in question. I do not believe that Judge Higgins abused his discretion in so doing. The issue is moot as to the instant litigation but as a collateral matter, I believe the order appealed from, one way or the other, may still have practical consequences. Whether the government may thus obtain the information or endeavor to use it in other proceedings is a matter which is not properly before us here and can be faced when and if the event occurs.
 
 
 
 [1]
 The form is a standard questionnaire used in United States district courts. The form requires a defendant requesting appointed counsel to submit information regarding his or her assets, debts, employment and monthly earnings
 
 
 [2]
 The magistrate stated in its February 23, 1990, Order:
 It is my conclusion that in most criminal proceedings the Government should be allowed to participate [in the court's determination of defendant's eligibility] ... but ... the Court has discretion to permit the defendant to submit those facts necessary to determine his financial ability to employ counsel in camera and under seal for the court's consideration. At the conclusion of the case, the Court can then unseal this information for review by the Government for determination of prosecution of the defendant for perjury or any other similar charge.... [t]he matters stated in defendants detailed affidavits of assets and liabilities are placed under seal pending further order of the Court.