**Robert R. WELLS, II, Plaintiff–Appellant,**

v.

**State of FLORIDA; Katherine Harris, Secretary of State, Florida; Florida State Canvassing Commission, Defendants–Appellees.**

No. 00–6549.

United States Court of Appeals, Sixth Circuit.

Aug. 15, 2001.

Before KEITH, KENNEDY, and BATCHELDER, Circuit Judges.

## ORDER

Robert R. Wells, II, a Kentucky resident proceeding pro se, appeals a district court order dismissing his civil rights action. *See* 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Wells sued the State of Florida, Secretary of State Katherine Harris, and the Florida State Canvassing Commission on November 14, 2000, in the United States District Court for the Western District of Kentucky. He alleged that the State of Florida was violating his rights under the Fourteenth Amendment to the United States Constitution through its handling of Florida's vote count in the 2000 presidential election. Wells requested: (1) an immediate injunction to stop the manual recount being conducted in Florida; (2) that the non-partisan vote returns of the second computer tabulations with any additions of overseas ballots be considered the most reliable returns that Florida was capable

of returning; and (3) any other relief appropriate to satisfy the interests of Wells and the people of the Commonwealth of Kentucky. Wells also requested in forma pauperis status. The district court granted Wells in forma pauperis status and dismissed the case for lack of venue. *See* 28 U.S.C. § 1406(a).

In his timely appeal, Wells argues that: (1) venue was proper in the Western District of Kentucky; and (2) the actions of the defendants and the Florida State Supreme Court violated his Fourteenth Amendment rights. He has also moved for in forma pauperis status on appeal.

We do not reach the merits of Wells's appeal because we conclude that the appeal must be dismissed as moot. *See Speer v. City of Oregon*, 847 F.2d 310, 311–12 (6th Cir.1988); *Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir.1986). The jurisdiction of federal courts is limited to "actual, ongoing controversies between litigants." *Deakins v. Monaghan*, 484 U.S. 193, 199, 108 S.Ct. 523, 98 L.Ed.2d 529 (1988); *see also* U.S. Const. art. III, § 2; *Grider v. Abramson*, 180 F.3d 739, 746 (6th Cir.), *cert. denied*, 528 U.S. 1020, 120 S.Ct. 528, 145 L.Ed.2d 409 (1999). Wells took issue with the manner in which the State of Florida was attempting to resolve the 2000 presidential election after Florida's initial vote count resulted in a near tie between the Democrat and Republican candidates. He expressed the opinion that Florida's election laws and procedures were too unclear and open to political manipulation, and that Democrats in Palm Beach County, Florida, had predetermined what the results of a manual recount would be. By the time Wells filed his brief on appeal on December 18, 2000, the United States Supreme Court had halted the manual recounts and the election results were final. *See Bush v. Gore*, 531 U.S. 98, 121 S.Ct. 525, 530, 148 L.Ed.2d 388 (2000). Thus, there is no longer any active controversy between the parties and this court cannot grant Wells the relief he requested. *See Deakins*, 484 U.S. at 199; *Speer*, 847 F.2d at 312. Moreover, there is no reasonable expectation that Wells or anyone else will be subject to such a situation again. *See Weinstein v. Bradford*, 423 U.S. 147, 148–49, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975).

For the foregoing reasons, we grant Wells in forma pauperis status for the limited purpose of deciding the appeal, and dismiss the appeal as moot.