ELECTRONIC CITATION:  2008 FED App. 0004P (6th Cir.)
File Name:  08b0004p.06

**BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT**

In re:

MICHAEL L. STERBA                                   )
and SANDRA L. STERBA,                               )
                                                    )
                    Debtors.                        )          No. 07-8043
_____                 )
                                                    )
                                                    )
MARVIN A. SICHERMAN, TRUSTEE                         )
                                                    )
        Plaintiff - Appellee,                       )
                                                    )
        v.                                          )
                                                    )
MBNA AMERICA BANK, N.A.                              )
                                                    )
        Defendant - Appellant.                      )
_____                 )

Appeal from the United States Bankruptcy Court
for the Northern District of Ohio, Eastern Division.
No. 06-13322, Adversary No. 06-2037.

Argued:  February 6, 2008

Decided and Filed:  February 29, 2008

Before:  FULTON, RHODES, and SCOTT, Bankruptcy Appellate Panel Judges.

_____

**COUNSEL**

**ARGUED:**  Lawrence G. Reinhold, WEINSTEIN & RILEY, P.S., Huntington Woods, Michigan,
for Appellant. Richard A. Baumgart, DETTELBACH, SICHERMAN & BAUMGART, Cleveland,
Ohio, for Appellee. **ON BRIEF:** Lawrence G. Reinhold, WEINSTEIN & RILEY, P.S., Huntington
Woods, Michigan, for Appellant.   Robert D. Barr, Marvin A. Sicherman, DETTELBACH,
SICHERMAN & BAUMGART, Cleveland, Ohio, for Appellee.

---

**OPINION**

---

JOSEPH M. SCOTT, JR., Bankruptcy Appellate Panel Judge. The chapter 7 trustee filed an adversary proceeding in the debtors' chapter 7 case pending in the Northern District of Ohio seeking to avoid preferential transfers from MBNA America Bank, N.A. ("Appellant") in the amount of $8,206 under 11 U.S.C. §§ 544, 547, and 551 and Ohio Revised Code § 1313.56. The Appellant appeals an order of the bankruptcy court denying its motion to dismiss the adversary proceeding for improper venue pursuant to 28 U.S.C. § 1409(b).

## I. ISSUE ON APPEAL

The issue raised by the parties in this appeal is whether 28 U.S.C. § 1409(b) requires a trustee to bring a preference action to recover a prepetition transfer only in the district where the defendant in the action resides. Because we conclude that the appeal is moot, however, we do not reach the merits of this issue.

## II. JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel of the Sixth Circuit has jurisdiction to decide this appeal. The United States District Court for the Northern District of Ohio has authorized appeals to the Panel and a final order of the bankruptcy court may be appealed as of right. 28 U.S.C. § 158(a)(1). For purposes of appeal, a final order "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S. Ct. 1494, 1497 (1989) (citations omitted). While venue orders such at the one at issue here are not ordinarily final, the bankruptcy court's further judgment in favor of the Trustee on the preference action has left the court with nothing more to do. *United States Trustee v. Sorrells (In re Sorrells)*, 218 B.R. 580 (B.A.P. 10th Cir. 1998) (venue orders are not final under 28 U.S.C. § 158(a)); *see generally Millers Cove Energy Co. v. Moore (In re Millers Cove Energy Co.)*, 128 F.3d 449, 451 (6th Cir. 1997) ("The concept of finality applied to appeals in bankruptcy is broader and more flexible than the concept applied in ordinary civil litigation.").

Because the parties stipulated to the facts, this appeal presents a discrete legal question. The bankruptcy court's conclusions of law are reviewed de novo. *Riverview Trenton Railroad Co. v. DSC, Ltd. (In re DSC, Ltd.)*, 486 F.3d 940 (6th Cir. 2007). "Under a *de novo* standard of review, the reviewing court decides an issue independently of, and without deference to, the trial court's determination." *Menninger v. Accredited Home Lenders (In re Morgeson)*, 371 B.R. 798, 800 (B.A.P. 6th Cir. 2007).

## III. FACTS

Michael and Sandra Sterba ("Debtors") filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code on July 31, 2006. Prior to the commencement of their bankruptcy case, the Debtors had at least three credit card accounts with MBNA America Bank, N.A. Within the ninety days prior to filing their petition for relief, the Debtors transferred $8,206 to the Appellant.

The chapter 7 trustee ("Trustee") filed an adversary proceeding in the Debtor's case to avoid the $8,206 as a preferential transfer under 11 U.S.C. §§ 544, 547, and 551 and Ohio Revised Code § 1313.56. The Trustee and the Appellant then stipulated that the transfers were indeed preferential and that the Appellant has no defense. They further stipulated that "[i]f the [bankruptcy court] determines that venue in the Northern District of Ohio is proper, then the parties consent to an affirmative monetary judgment in this proceeding in favor of the Plaintiff and against the [Appellant] in the amount of $8,206.00. . . ." (Appellee's App. at 23.)

The Appellant filed a motion to dismiss for improper venue pursuant to 28 U.S.C. § 1409(b). The motion asserted that 28 U.S.C. § 1409(b) requires a trustee to bring a preference action to recover a prepetition transfer only in the district where the defendant in the action resides. For the purposes of the motion, the parties stipulated that the Appellant resides in the Western District of North Carolina.

On July 10, 2007, the bankruptcy court issued a memorandum of opinion and judgment denying the Appellant's motion to dismiss for improper venue. Additionally, pursuant to the stipulations of the parties, the court entered a judgment in favor of the Trustee in the amount of $8,206, plus interest and costs. The Appellant then timely filed this appeal of the bankruptcy court's order denying the motion to dismiss for improper venue.

# IV. DISCUSSION

We first address the threshold question of mootness because an actual controversy between the parties no longer exists. Neither party addressed the issue in briefing. However, we raised the issue *sua sponte,* and asked counsel to be prepared to address the issue at oral argument.[1] Questions of jurisdiction are fundamental matters which we are compelled to raise *sua sponte* and address on our own motion. *Berger v. Cuyahoga County Bar Assoc.*, 983 F.2d 718, 721 (6th Cir. 1993). Under Article III of the United States Constitution, we may only adjudicate actual, ongoing cases or controversies. *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477, 110 S. Ct. 1249 (1990).

> [F]ederal courts have 'no authority to render a decision upon moot questions or to declare rules of law that cannot affect the matter at issue.' *NAACP v. City of Parma*, 263 F.3d 513, 530 (6th Cir. 2001) (citing *Church of Scientology v. United States*, 506 U.S. 9, 12, 113 S. Ct. 447, 121 L.Ed.2d 313 (1992)). 'Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *County of Los Angeles v. Davis*, 440 U.S. 625, 631, 99 S. Ct. 1379, 1383, 59 L.Ed.2d 642 (1979) (quoting *Powell v. McCormack,* 395 U.S. 486, 496, 89 S. Ct. 1944, 1951, 23 L.Ed.2d 491 (1969)); *see also Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir. 1986) ("Mootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief."). This court determined mootness 'by examining whether an actual controversy between the parties exists in light of intervening circumstances.' *Fleet Aerospace Corp. v. Holderman*, 848 F.2d 720, 723 (6th Cir. 1988).

*Hood v. Keller*, 229 F. App'x 393 (6th Cir. 2007).

At oral arguments before this Panel, counsel for the parties argued that although the underlying preference action is moot, venue under 28 U.S.C. § 1409(b) is an issue which has arisen numerous times, but has been evading review, and should, therefore, be excepted from the mootness doctrine. In an attempt to simplify the issue and preserve it for appeal, they stipulated to the facts necessary for a judgment in favor of the Trustee.

There is indeed an exception to the mootness doctrine in cases that are "capable of repetition, yet evading review." *Speer v. City of Oregon*, 847 F. 2d 310, 311 (6th Cir. 1988) (citing *S. Pac. Terminal Co. v. ICC*, 219 U.S. 498, 515, 31 S. Ct. 279, 283 (1911)). The exception is narrow and limited, however, to exceptional situations where "'(1) the challenged action was in its duration too

---

[1] We also afforded the parties the opportunity to address the issue of mootness in supplemental briefs following oral argument which they declined.

short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again.'" *Id.* (quoting *Weinstein v. Bradford*, 423 U.S. 147, 149, 96 S. Ct. 347, 348 (1975)). The parties did not demonstrate that this case meets the requirements of this exception to the mootness doctrine. Rather, they simply asserted that the exception applies. In particular, the Appellant must establish a demonstrated probability that the same controversy will recur involving these same litigants. *Lee v. Schmidt-Wenzel*, 766 F.2d 1387, 1390 (9th Cir. 1985) (citing *Murphy v. Hunt*, 455 U.S. 478, 482, 102 S. Ct. 1181, 1183 (1982)). The Appellant did not establish such a probability. At best, it speculated that there was such a probability. Speculation, however, is insufficient to find the existence of a continuing controversy between the litigants as required by article III. *Id.* (citing *DeFunis v. Odegaard*, 416 U.S. 312, 320 n.5, 94 S. Ct. 1704, 1707 n.5 (1974)).[2] The "capable of repetition, yet evading review" principle does not apply in these circumstances.

The underlying controversy in this appeal is a preference action. After the bankruptcy court dismissed the Appellant's objection to venue, it entered a judgment against the Appellant based upon the parties' stipulations, which included "consent to an affirmative monetary judgment . . . in favor of the Plaintiff and against the [Appellant] in the amount of $8,206.00 . . . ." (Appellee's App. at 23.) Therefore, there is no longer an actual controversy between these parties. The issues are no longer "live," and nothing remains to be determined. The appropriate case for the Appellant to raise this venue issue is in a case where it has a defense to the preference action.[3]

## V.  CONCLUSION

For the foregoing reasons, we conclude that this case is MOOT. Accordingly, we DISMISS the appeal.

---

[2] Additionally, as explained by the Ninth Circuit Court of Appeals in *Lee v. Schmidt-Wenzel*, the "capable of repetition" exception is typically applied in situations involving governmental action. To apply the exception to private parties, the court must consider whether the possible future litigation will involve the same defending party as well as the same complaining party. 766 F.2d at 1390. "[T]he possibility of a future controversy between a complaining party and some other person, not a party to the current lawsuit, does not fulfill the case or controversy requirement of article III." *Id.*

[3] In a case such as this, where the Appellant admits it has no defense to the preference action, the Appellant should simply turnover the funds to the Trustee.