659 F.2d 77
 Thomas McElvain MURRAY III, Donald Eugene Floyd, Jr.,
Plaintiffs-Appellants and Cross-Appellees,
v.
BOARD OF TRUSTEES, UNIVERSITY OF LOUISVILLE; James G.
Miller, President; Edward Hammond, Vice President
of Student Affairs, Defendants-Appellees
and Cross-Appellants.
 Nos. 79-3638, 79-3639.
 United States Court of Appeals,
Sixth Circuit.
 Argued April 8, 1981.
Decided Sept. 9, 1981.
 
 Daniel T. Taylor, III, Louisville, Ky., for plaintiffs-appellants and cross-appellees.
 Robert F. Matthews, R. Van Young, Greenebaum, Doll & McDonald, Louisville, for defendants-appellees and cross-appellants.
 Before EDWARDS, Chief Judge, KEITH, Circuit Judge, and CECIL, Senior Circuit Judge.
 GEORGE CLIFTON EDWARDS, Jr., Chief Judge.
 
 
 1
 In this case plaintiffs Murray and Floyd, the editor and managing editor, respectively, of the Louisville Cardinal, student newspaper, published under date of April 13, 1979, a sophomoric, somewhat obscene and not very humorous issue to which plaintiffs refer throughout as the April Fool's issue. It was not, however, published on April 1, nor was it designated the April Fool's issue. It contained a number of articles and cartoons which, if not true, or perhaps if not presented as a readily recognizable joke, would at least arguably have been libelous. The paper was published by the University of Louisville, which budgeted public funds for that purpose.
 
 
 2
 After the April 13 edition, the University, through Vice President Edward Hammond, called plaintiff Murray and instructed him to print an apology, claiming that otherwise the University might be sued and held responsible under the libel laws. Murray was given an opportunity to phrase the "apology." Murray refused, claiming that the demand for the apology violated his First Amendment rights. The University then fired him as editor, allowing the last issue to be published under the editor already chosen for the following year.
 
 
 3
 Murray and Floyd[1] then brought suit under 42 U.S.C. § 1983 (1976) in the United States District Court for the Western District of Kentucky alleging violation of the First and Fourteenth Amendments and seeking injunctive relief and money damages.
 
 
 4
 After several postponements and a hearing the District Judge, in a brief order, dismissed on grounds of mootness. Before doing so, however, he held that "(t)he Court finds that the action of Hammond violated Murray's First Amendment rights," and that the "deprivation of his (Murray's) constitutional rights by Hammond was a violation of rights secured to him by the Fourteenth Amendment to the Constitution of the United States."
 
 
 5
 The District Judge, however, found that no timely temporary restraining order had been sought and that the issues raised by the complaint had become moot by the time the application for a preliminary injunction could be heard. Furthermore, the court found insufficient proof to justify recovery of actual damages for the firing. He thereupon ruled as follows: "The Court, having found that the issues raised by the complaint and the answer are now moot, has no alternative except to enter an order dismissing the complaint of the plaintiffs, each party to bear his or its own costs."
 
 
 6
 Plaintiff-appellant and cross-appellee Murray seeks vacation of the judgment and remand for reinstatement and for an award of damages and attorney fees. He, of course, supports the District Judge's constitutional findings.
 
 
 7
 Defendant-appellees and cross-appellants seek affirmance of the District Judge's dismissal of the complaint and argue that the District Judge's constitutional findings are unsupported by precedent and erroneous as a matter of law.
 
 
 8
 Our review of this record indicates that the District Judge was correct in dismissing on grounds of mootness that portion of the complaint which sought injunctive relief. But we do not feel his dismissal of the entire cause of action as moot was justified.
 
 
 9
 In the present posture of this case, we do not consider it ripe for appellate decision and we therefore do not reach the District Judge's finding of constitutional violations under the First and Fourteenth Amendments. While we accept as not clearly erroneous his finding that plaintiff failed to prove actual damages, the Supreme Court's holdings in Carey v. Piphus, 435 U.S. 247, 257 n.11, 266, 98 S.Ct. 1042, 1049 n.11, 1053, 55 L.Ed.2d 252 (1978), require remand for the District Judge to consider in this § 1983 action plaintiff's claims for nominal damages and attorney fees. In addition, in considering judgments against the individual state defendants, the District Judge must (but apparently did not) grant such defendants the "qualified immunity" required by Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), and Wood v. Strickland, 420 U.S. 308, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975).
 
 
 10
 The finding of constitutional violations is vacated and the case is remanded to the District Court for further proceedings. On remand the District Court will reconsider the First and Fourteenth Amendment questions and the immunity question under Wood v. Strickland, supra. In the event the Court finds the defendants liable for federal constitutional violations, it must hear and decide plaintiff-appellant's claims for nominal damages and attorney fees. Carey v. Piphus, supra.
 
 
 11
 The judgment of the District Court is affirmed in part and vacated and remanded in part.
 
 
 
 [1]
 Floyd did not testify in court and the complaint as to him was dismissed by the District Judge. No appellate issue has been raised as to him