879 F.2d 864
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
GREGORY CONSTRUCTION COMPANY, a Michigan corporation,
Plaintiff-Appellee,
v.
James J. BLANCHARD, as Governor of the State of Michigan, et
al., Defendants-Appellants.
 No. 88-1938.
 United States Court of Appeals, Sixth Circuit.
 July 17, 1989.
 
 Before RALPH B. GUY, Jr. and RYAN, Circuit Judges, and DAVID D. DOWD, Jr., District Judge.*
 RALPH B. GUY, Jr., Circuit Judge.
 
 
 1
 Defendants, Governor James Blanchard and various officials of the State of Michigan (hereinafter collectively referred to as the State), challenge the district court's failure to dismiss this case as barred by res judicata, collateral estoppel, or principles of mootness. The State also contends that the district court's failure to dismiss this case resulted in the court's improper award of attorney's fees, pursuant to 42 U.S.C. Sec. 1988, to plaintiff, Gregory Construction Company (Gregory). We conclude that the district court's rulings were procedurally correct and, therefore, affirm.
 
 
 2
 This dispute arises out of the State's failure to award a contract to construct seven motor pool maintenance buildings and related improvements at Camp Grayling, Michigan, to Gregory, notwithstanding the fact that Gregory was the lowest bidder on the contract. Gregory's February 1986 bid was rejected because it did not comply with certification requirements of Michigan's Minority Owned and Woman Owned Business Act, 1980 Mich.Pub.Act. 428, Mich.Comp.Laws Ann. Sec. 450.771, et seq. (the Act). That Act, which we subsequently invalidated as unconstitutional[1] sought to foster increased involvement of businesses owned by minorities and women in providing construction, goods, and other services to the State. The Act required each executive department of state government to establish an appropriate procurement policy to accommodate the Act's goals. Accordingly, the Department of Management and Budget instructed potential bidders on the Camp Grayling project that if the bidder was not a minority or woman-owned business, the bidder had to agree to award a certain percentage of the contract to such businesses and to include a list of such businesses at the time of submitting the bid. Moreover, bidders were required to ensure that their proposed minority and woman-owned business participants were certified as such by the Department of Civil Rights. Because Gregory failed to comply with these certification requirements, the contract was awarded to the next lowest, qualified, and compliant bidder.
 
 
 3
 In May 1986, Gregory filed suit in federal court[2] challenging the constitutionality of the Act. Gregory claimed that the Act violated the due process and equal protection clauses of the fourteenth amendment in addition to federal civil rights statutes, 42 U.S.C. Secs. 1981, 1983, and 2000d. Gregory sought declaratory and injunctive relief in addition to lost profits, an order directing the State to award Gregory the Camp Grayling contract, and costs and attorney's fees pursuant to 42 U.S.C. Sec. 1988. By December 1986, the Camp Grayling project had been completed and was paid for in full by the State.
 
 
 4
 Central to the issues posed by this case is the disposition of Michigan Road Builders Ass'n v. Milliken at 571 F.Supp. 173 (E.D.Mich.1983); and, later, at 654 F.Supp. 3 (E.D.Mich.1986); rev'd, 834 F.2d 583 (6th Cir 1987); aff'd, 109 S.Ct. 1333 (1989). In that case, the constitutionality of the Act at issue here was considered. Although the Act was deemed constitutional at the district court level, we disagreed and, accordingly, reversed. Our opinion was recently affirmed by the Supreme Court.[3] The Michigan Road Builders case was initially brought by thirty-five associational or individual plaintiffs including the Michigan Chapter of Associated General Contractors of America (MAGC). At the time the initial suit was filed in district court, Gregory was a member of MAGC. Gregory remained a member until sometime after the 1983 decision in Michigan Road Builders was rendered.
 
 
 5
 In June 1986, prior to our declaration that the Act is unconstitutional, the State sought summary judgment or dismissal on various grounds including its claim that Gregory's suit was barred by res judicata or collateral estoppel by virtue of the 1983 and 1986 district court rulings in Michigan Road Builders, upholding the constitutionality of the Act.[4] In August 1987, the district court refused the State's motion seeking to invoke res judicata or collateral estoppel, but dismissed Gregory's due process claim because of Gregory's lack of a legitimate claim of entitlement to the contract award. Gregory filed an amended complaint in October 1987 reasserting its facial challenge to the Act and omitting its due process claim. The State refuted Gregory's equal protection and statutory claims and asserted governmental and qualified immunity under the eleventh amendment as an affirmative defense. The State, in March 1988, again sought dismissal contending that Gregory's action was barred by the eleventh amendment, qualified immunity, and mootness in light of our declaration in Michigan Road Builders, during the pendency of Gregory's suit, that the Act is unconstitutional.
 
 
 6
 Gregory claimed that the action was not moot because it was entitled to relief pursuant to 42 U.S.C. Sec. 2000d, et seq.; prospective injunctive relief pursuant to 42 U.S.C. Secs. 1981, 1983; and to costs and attorney's fees under 42 U.S.C. Sec. 1988. The State claimed that no relief beyond that accorded by our circuit in declaring the Act unconstitutional was available to Gregory and that because the case was now moot, it should be dismissed for want of a case or controversy. After both parties moved for summary judgment, the district court conducted a hearing and issued an opinion and order, declaring that (1) the eleventh amendment bars Gregory's constitutional and statutory claims with the exception of any declaratory and prospective injunctive relief sought against individual state officials; (2) stare decisis requires an award of declaratory and injunctive relief notwithstanding the fact that the Michigan Road Builders' decision bars readjudication of issues determined therein; and (3) under principles of stare decisis and collateral estoppel, Gregory is entitled to summary judgment and attorney's fees as part of its recoverable costs. The court issued an order granting a stay of its disposition pending possible appeal. The State now challenges the district court's failure to dismiss this action and its allegedly erroneous award of attorney's fees to Gregory.
 
 I.
 
 7
 Although we are bound by the district court's factual determinations unless they are clearly erroneous, that court's legal determinations are reviewable de novo. Taylor and Gaskin v. Chris-Craft Industries, 732 F.2d 1273, 1277 (6th Cir.1984). We first consider whether the district court should have dismissed Gregory's action as barred by principles of res judicata or collateral estoppel on the basis of the district court's decisions in Michigan Road Builders.
 
 
 8
 Principles of res judicata preclude relitigation of matters resolved in a prior action in which a court has entered a final judgment on the merits. In Montana v. United States, 440 U.S. 147 (1979), the Supreme Court stated that, "[u]nder res judicata [claim preclusion], a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." Id. at 153 (citations omitted). See also United States v. Stauffer Chemical Co., 684 F.2d 1174 (6th Cir.1982), aff'd, 464 U.S. 165 (1984). Moreover, "[u]nder collateral estoppel [issue preclusion], once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." Montana, 440 U.S. at 153 (citations omitted). Notwithstanding these doctrines, principles of due process insulate a nonparty from a prior judgment on the merits unless the nonparty had a full, fair, direct or indirect opportunity to participate in the prior action.
 
 
 9
 The State claims that res judicata barred Gregory's claim because, as a paying member of MAGC, Gregory vicariously participated in Michigan Road Builders by expressly or impliedly giving MAGC authority to represent its interests in that action. The State notes that the very purpose of MAGC is to interpret and disseminate pertinent information to its members, including legislation, decisions, and orders and to correct discriminatory or unfair business methods or actions in the construction industry. The State argues that because MAGC, itself, does not bid on public contracts, its standing to sue was predicated on the rights of its members, including Gregory. The State buttresses its claim by noting that Gregory is now represented by the same law firm that represented MAGC in the prior action. Hence, the argument proceeds, the adequacy of Gregory's legal representation vis-a-vis Michigan Road Builders is not seriously open to dispute. The district court determined that Gregory's link to the Michigan Road Builders litigation was too attenuated to establish the requisite identity of parties necessary to invoke res judicata. The court noted that Gregory never authorized MAGC to represent its interests in Michigan Road Builders, did not finance or otherwise participate in that case, and had no knowledge of the case until it brought its own suit.
 
 
 10
 The State also challenges the district court's refusal to apply collateral estoppel as a bar to Gregory's claim. The State notes that privity between the parties is not a prerequisite to the application of collateral estoppel. Moreover, the State contends that because Gregory's claims are identical to those actually litigated in Michigan Road Builders and were essential to the judgment on the merits in that case, the district court should have invoked collateral estoppel as a bar to Gregory's suit on the basis of the 1983 and 1986 district court opinions upholding the constitutionality of the Act. The district court declined to invoke collateral estoppel, noting that forcing the parties to litigate the purely legal issue posed by Gregory did not perpetuate the kinds of harm that the doctrines were intended to avoid.[5]
 
 
 11
 We note that the State had two options for challenging the district court's ruling on its motion to dismiss on res judicata or collateral estoppel grounds. Because the court's ruling on the State's motion was not a final appealable order, the ruling could not be appealed directly. Nevertheless, the State could have sought an interlocutory appeal by permission pursuant to 28 U.S.C. Sec. 1292(b) within ten days after entry of the district court's order. Fed.R.App.P. 5. The State did not pursue this option. Instead, the State elected to wait until the court rendered a final appealable order.[6] In doing so, the State assumed the risk that the applicable law would change during the pendency of the district court action. This is precisely what occurred when we reversed the district court and found the Act unconstitutional in Michigan Road Builders, 834 F.2d 583. Hence, the purported district court errors were never reviewed prior to the time that the applicable law changed. However unfortuitous this turn of events was for the State, we are not now inclined or otherwise bound to review this case under principles of law that we have found to be invalid. Rather, our reversal of the district court's opinion effectively vacated that court's judgment such that it no longer has any preclusive effect. "[T]he general rule is that a judgment which is vacated, for whatever reason, is deprived of its conclusive effect as collateral estoppel." Dodrill v. Ludt, 764 F.2d 442, 444 (6th Cir.1985) (arising in context of effect of reversal of state criminal conviction on subsequent federal civil rights action for fourth amendment violation). See also Detroit Police Officers Ass'n v. Young, 824 F.2d 512, 515 (6th Cir.1987) (significant change in controlling law precludes application of collateral estoppel).
 
 II.
 
 12
 The State also claims that our determination that the Act is unconstitutional rendered Gregory's claim moot and required its dismissal. Although the State does not contest a prevailing party's entitlement to attorney's fees under 42 U.S.C. Sec. 1988, it contends that once this case became moot, it should never have proceeded to judgment so as to render Gregory a prevailing party entitled to attorney's fees.
 
 
 13
 The district court recognized that federal courts have no authority to adjudicate a moot case. Carras v. Williams, 807 F.2d 1286 (6th Cir 1986). In Carras, we determined that the district court erred in abstaining from considering Carras' claims for injunctive relief and damages when another of his related claims for injunctive relief became moot. We recognized that mootness occurs when, during the pendency of an action, events transpire that preclude the court from granting the requested relief. Id. at 1289. The unavailability of the requested relief deprives a plaintiff of an interest sufficient to warrant the court's adjudication of the underlying issues because there no longer remains any viable case or controversy. Id. "Mootness is determined by examining whether an actual controversy between the parties exists in light of intervening circumstances." Fleet Aerospace Corp. v. Holderman, 848, F.2d 720, 723 (6th Cir.1988) (citations omitted). The district court here recognized our decision in Michigan Road Builders as an event transpiring during the pendency of this action that was determinative of the issues posed by Gregory. Nevertheless, the court determined that our decision did not render Gregory's action moot because, although it precluded readjudication of the constitutionality of the Act, it did not preclude the court from granting requested relief. Rather, the court indicated that principles of stare decisis and collateral estoppel compelled it to grant the requested declaratory and injunctive relief without readjudicating the constitutionality of the Act. We agree that, under principles of stare decisis, our decision in Michigan Road Builders established binding precedent for the district court in resolving the legal question posed by Gregory. We also agree that principles of collateral estoppel dictated the district court's ruling because the Act's constitutionality actually and necessarily had been determined in Michigan Road Builders. Our Michigan Road Builders decision was binding in Gregory's pending suit against the State given that the State was a party to the prior Michigan Road Builders litigation. See Montana, 440 U.S. at 153. Finally, we agree that although our decision in Michigan Road Builders was determinative of the constitutionality issue posed by Gregory, Gregory's case did not become moot because there remained a case or controversy between the parties and the court still was able to grant Gregory prospective injunctive and declaratory relief and attorney's fees. We are in accord with the district court's analysis and resolution of the mootness issue and find no error in the court's proceeding to judgment in this case or in its award of attorney's fees as part of Gregory's recoverable costs. Accordingly, the district court's ruling is AFFIRMED.
 
 
 
 *
 Honorable David D. Dowd, Jr., United States District Court for the Northern District of Ohio, sitting by designation
 
 
 [1]
 Michigan Road Builders Ass'n v. Milliken, 834 F.2d 583 (6th Cir.1987), aff'd, 109 S.Ct. 1333 (1989)
 
 
 [2]
 Gregory also filed two state court actions, which were consolidated in the Michigan Circuit Court for Ingham County
 
 
 [3]
 The Supreme Court's affirmance of our opinion in Michigan Road Builders is consistent with the Court's recent opinion, Richmond v. Croson Co., 109 S.Ct. 706 (1989), in which a minority set-aside program was invalidated as lacking a compelling governmental interest in the absence of prior discrimination by the city and as not narrowly tailored to achieve a remedial purpose. The constitutionality of Michigan's Act is not at issue in the present appeal
 
 
 [4]
 The district court's 1983 decision, 571 F.Supp 173, determined that the Act did not violate any constitutional or civil rights. The plaintiffs appealed that decision and we dismissed the appeal for lack of jurisdiction, 742 F.2d 1456 (6th Cir.1984), because the earlier proceeding had not decided the plaintiffs' claims against the Michigan Department of Transportation (MDOT) and no Rule 54(b) certification had been granted. Accordingly, the 1986 district court opinion, 654 F.Supp. 3, resolved the plaintiffs' independent claims against MDOT and reaffirmed its prior decision upholding the constitutionality and validity of the Act
 
 
 [5]
 Our disposition of this case does not require us to pass on the district court's reasoning for refusing to invoke collateral estoppel
 
 
 [6]
 28 U.S.C. Sec. 1291 confers jurisdiction in the courts of appeals over appeals from "all final decisions of the district courts of the United States." (Emphasis added)