**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0243n.06
Filed: April 2, 2007

**No. 05-4373**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| JAMES D. HOOD, II, | ) | |
| | ) | ON APPEAL FROM THE |
| *Plaintiff-Appellant*, | ) | UNITED STATES DISTRICT |
| | ) | C O U R T  F O R  T H E |
| v. | ) | SOUTHERN DISTRICT OF |
| | ) | OHIO |
| RONALD T. KELLER, RICHARD | ) | |
| H. FINAN, and KENNETH MORCKEL, | ) | **O P I N I O N** |
| | ) | |
| *Defendants-Appellees*. | ) | |

BEFORE:     COLE, MCKEAGUE, Circuit Judges; BREEN, District Judge.[*]

**J. DANIEL BREEN, District Judge.**  Plaintiff-Appellant James D. Hood, II, appeals the district court's order granting summary judgment in favor of the Defendants-Appellees Ronald T. Keller, Richard H. Finan, and Kenneth Morckel.  Hood contends that the Defendants violated his First Amendment rights to freedom of speech and free exercise of religion by arresting him pursuant to Ohio statutory authority on Ohio state grounds for publicly preaching his faith without a permit, for which he seeks declaratory and injunctive relief, compensatory damages, costs, and attorney's fees.  The district court held that Hood's claims were rendered moot by this court's decision in *Parks v. Finan*, 385 F.3d 694 (6th Cir. 2004).  Hood contends the district court erred in this conclusion.

---

[*]The Honorable J. Daniel Breen, United States District Judge for the Western District of Tennessee, sitting by designation.

1

We **AFFIRM IN PART, REVERSE IN PART AND REMAND**.

## I. BACKGROUND

### A. Facts

James D. Hood, II is a Christian minister. As part of his faith, Hood preaches his "beliefs and convictions in public." Since approximately 1982, he has used the public areas on the Ohio Statehouse grounds in Columbus, Ohio to engage in "religious expressive activity."

The Capitol Square in Columbus is a ten-acre area containing state buildings and surrounding grounds. The Capitol Square Review and Advisory Board ("CSRAB") is appointed by state statute to manage the Ohio Statehouse grounds by promulgating rules and regulations. Based on this authority, CSRAB passed a rule requiring that anyone wanting to use the Statehouse grounds must first obtain a permit. The rule provides in part that

> Capitol buildings or grounds are available for use by the public for the purpose of governmental business, public meetings for free discussion of public questions, or for activities of broad public purpose, provided the authorized procedure has been followed and appropriate approvals have been received . . . .

Ohio Adm. Code § 128-4-02. A person seeking a permit must submit a written request "no less than fifteen and no more than one hundred eighty days prior to the event." Ohio Adm. Code § 128-4-03 (A), (B). Upon approval, CSRAB imposes a twenty dollar charge for the permit. *Id*.

On May 18, 2000, Hood began to preach and hand out religious literature on the Statehouse grounds, but he did not have, nor had he sought to obtain, a permit. Lieutenant Spinner of the Ohio State Highway Patrol stopped Hood's activities and warned him under threat of arrest to cease and desist preaching and handing out literature without a permit. Hood did not comply with Lieutenant Spinner's directive, prompting the officer to charge him with criminal trespass.

2

Hood thereafter filed a motion to dismiss the criminal complaint, arguing, inter alia, that the CSRAB rules violated his constitutionally protected rights to due process, free speech, and free exercise of religion. The Franklin County, Ohio Municipal Court denied the motion, following which a jury found Hood guilty of criminal trespass. The court imposed a fine of $100. Hood appealed his conviction but later abandoned his appeal.

## B. Prior Litigation

On May 16, 2001, Hood filed a Complaint in the United States District Court for the Southern District of Ohio against officials from the CSRAB and a supervisory colonel in the Ohio State Highway Patrol alleging that the CSRAB permit requirements were unconstitutional restrictions on his rights to free speech and free exercise of religion. He further contended that the permit requirements were overbroad, vague, and discriminatory.[1] Hood sought declaratory and injunctive relief, damages, costs, and attorneys' fees. The district court dismissed Hood's Complaint after finding it lacked subject matter jurisdiction under the *Rooker-Feldman* doctrine.[2] On appeal, this court reversed the trial judge's ruling, concluding that the *Rooker-Feldman* doctrine was inapplicable because it did "not prohibit federal district courts from exercising jurisdiction where the plaintiff's claim [was] merely 'a general challenge to the constitutionality of the state law <u>applied in the state action</u>,' rather than a challenge to the law's application in a particular state case." *Hood*

---

[1]In addition to the federal claims, the Complaint alleged violations of the Ohio Constitution, malicious prosecution, and false arrest. Hood withdrew his malicious prosecution claim, and the district court dismissed his false arrest claim.

[2]The *Rooker-Feldman* doctrine provides that federal district courts lack subject matter jurisdiction to review state court judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482, 103 S. Ct. 1303 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 414, 44 S. Ct. 149 (1923).

*v. Keller*, 341 F.3d 593, 597 (6th Cir. 2003) (emphasis added) (quoting *Tropf v. Fid. Nat'l Title Ins. Co.*, 289 F.3d 929, 936 (6th Cir. 2002)); *see also Edwards v. Il. Bd. of Admissions to Bar*, 261 F.3d 723, 729 (7th Cir. 2001) ("When the litigant is challenging the constitutionality of a rule that was applied to him, but is not asking to correct or revise the determination that he violated the rule, *Rooker-Feldman* is no obstacle to the maintenance of the suit.") (internal quotations omitted). Because Hood was not seeking to have his conviction set aside, this court concluded that the district court had subject matter jurisdiction. *Hood*, 341 F.3d at 598.

On remand, the district court entered an agreed order to stay the case pending the outcome of *Parks v. Finan*, a related case[3] presenting a facial challenge to the CSRAB permit requirements. In *Parks*, this court held that the CSRAB requirements were unconstitutional with respect to individuals and let stand a district court injunction against CSRAB, which this court determined was "limited to relief against enforcement of the permitting scheme against individuals . . . ."[4] 385 F.3d at 698-700.

Based upon *Parks*, Hood filed a motion for summary judgment on December 20, 2004, claiming he was entitled to judgment as a matter of law under the doctrine of stare decisis. The Appellees filed a cross-motion for summary judgment on the same day, arguing that they were entitled to judgment because *Parks* rendered the Appellant's claims moot.

---

[3]In *Parks*, the plaintiff was also attempting to preach a "Christian message" when he was stopped by Ohio State Highway Patrol troopers and told he needed a permit. *Parks*, 385 F.3d at 695.

[4]The court in *Parks* concluded that the injunction was necessary "because application of the permitting scheme to individuals like Parks, who may be speaking, wearing signs, and/or leafletting, unconstitutionally burdens free expression in violation of the First Amendment." *Parks*, 385 F.3d at 700.

On September 29, 2005, the district court granted the Appellees' motion, finding this court's decision in *Parks* rendered the Appellant's challenge to the CSRAB regulation moot. In its order, the district court analyzed Hood's claim for injunctive relief and stated,

> [w]here a party has voluntarily ceased conduct because of a court order, as Defendants have done here, the underlying case will not be rendered moot unless "subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Am. Canoe Ass'n, Inc. v. City of Louisa Water & Sewer Comm'n*, 389 F.3d 536, 543 (6th Cir. 2004). This rule "is meant to protect a party from an opponent who seeks to defeat judicial review by temporarily altering its behavior." *Id*.

*Hood v. Keller*, No. 01-CV-454, 2005 U.S. Dist. LEXIS 21704, at *10 (S.D. Ohio Sept. 29, 2005) (some internal citations omitted). The district court then found that the "Defendants, through their written assurances and recent actions, have adequately assured this Court that the State's enforcement of the permit scheme cannot 'reasonably be expected to recur.'" *Id*. at *12.

Concerning the Appellant's claim for declaratory relief, the district court also found that Hood was not entitled to such relief because the threat of continued enforcement of the statute in light of this court's decision in *Parks* was not of "'sufficient immediacy and reality' to warrant the issuance of a declaratory judgment." *Id*. at *16 (quoting *Super Tire Eng'g Co. v. McCorkle*, 416 U.S. 115, 122 (1974)). In its order, however, the district court did not address Hood's claim for compensatory damages pursuant to 42 U.S.C. § 1983 or his request for attorney's fees under 42 U.S.C. § 1988. This appeal followed.

## II. ANALYSIS

### A. Standard of review

This court reviews de novo the decision of a district court to grant summary judgment. *See Int'l Union v. Cummins, Inc.*, 434 F.3d 478, 483 (6th Cir. 2006). Summary judgment is proper only

5

where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In reviewing a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986). Finally, this court reviews de novo a district court's decision to dismiss a case for mootness. *Ammex, Inc. v. Cox*, 351 F.3d 697, 704 (6th Cir. 2003).

### B. Discussion

The Appellant contends the trial court erred in finding his case moot because "he is still in need of effectual relief, *i.e.* declaratory judgment, injunction, attorney's fees and costs." He argues that the doctrine of stare decisis required the district court to apply the holding of *Parks* to the facts of his case and grant him judgment as a matter of law. Finally, Hood asserts that even if his claim for injunctive relief is moot, this court should consider separately his remaining claims for declaratory judgment, attorney's fees, and costs.

The Appellees respond that this court should affirm the judgment of the district court and conclude that no case or controversy remains between the parties. The state officials argue that the doctrine of stare decisis does not alter the test for mootness. They contend that the relief sought by Hood is the same as that awarded the plaintiff in *Parks*, thereby alleviating his need for individualized injunctive or declaratory relief.

As the district court recognized, federal courts have "no authority to render a decision upon moot questions or to declare rules of law that cannot affect the matter at issue." *NAACP v. City of Parma*, 263 F.3d 513, 530 (6th Cir. 2001) (citing *Church of Scientology v. United States*, 506 U.S. 9, 12, 113 S. Ct. 447 (1992)). "Simply stated, a case is moot when the issues presented are no longer

6

'live' or the parties lack a legally cognizable interest in the outcome." *County of Los Angeles v. Davis*, 440 U.S. 625, 631, 99 S. Ct. 1379, 1383 (1979) (quoting *Powell v. McCormack*, 395 U.S. 486, 496, 89 S. Ct. 1944, 1951 (1969)); *see also Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir. 1986) ("Mootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief."). This court determines mootness "by examining whether an actual controversy between the parties exists in light of intervening circumstances." *Fleet Aerospace Corp. v. Holderman*, 848 F.2d 720, 723 (6th Cir. 1988).

The Appellant cites *Gregory Construction Co. v. Blanchard*, 879 F.2d 864 (Table), 1989 WL 78201 (6th Cir. 1989), in support of his argument that this court's decision in *Parks* must be applied to the facts of his case and that his case is not moot. In *Gregory Construction Co.*, the plaintiff filed suit challenging the constitutionality of Michigan's Minority Owned and Woman Owned Business Act ("Act"). 1989 WL 78201 at *1. During the pendency of *Gregory Construction Co.*, this court decided *Michigan Road Builders Ass'n v. Milliken*, 834 F.2d 583 (6th Cir. 1987). In *Michigan Road Builders*, this court struck down the Act as unconstitutional, and the Supreme Court affirmed. 834 F.2d at 595, *aff'd*, 489 U.S. 1061, 109 S. Ct. 1333 (1989). Thereafter, the state of Michigan moved to dismiss the plaintiff's suit in *Gregory Construction Co.* contending, inter alia, that it was moot based upon the decision in *Michigan Road Builders*. *Gregory Constr. Co.*, 1989 WL 78201 at *2. Relevant to the instant case, this court stated:

> The district court here recognized our decision in *Michigan Road Builders* as an event transpiring during the pendency of this action that was determinative of the issues posed by Gregory. Nevertheless, the court determined that our decision did not render Gregory's action moot because, although it precluded readjudication of the constitutionality of the Act, it did not preclude the court from granting requested relief. Rather, the court indicated that principles of stare decisis and collateral estoppel compelled it to grant the requested declaratory and injunctive relief without

7

readjudicating the constitutionality of the Act. We agree that, under principles of stare decisis, our decision in *Michigan Road Builders* established binding precedent for the district court in resolving the legal question posed by Gregory. We also agree that principles of collateral estoppel dictated the district court's ruling because the Act's constitutionality actually and necessarily had been determined in *Michigan Road Builders*. Our Michigan Road Builders decision was binding in Gregory's pending suit against the State given that the State was a party to the prior *Michigan Road Builders* litigation. *See Montana [v. United States]*, 440 U.S. at 153. Finally, we agree that although our decision in *Michigan Road Builders* was determinative of the constitutionality issue posed by Gregory, Gregory's case did not become moot because there remained a case or controversy between the parties and the court still was able to grant Gregory prospective injunctive and declaratory relief and attorney's fees. We are in accord with the district court's analysis and resolution of the mootness issue and find no error in the court's proceeding to judgment in this case or in its award of attorney's fees as part of Gregory's recoverable costs. Accordingly, the district court's ruling is AFFIRMED.

*Id.* at *4.

Appellees argue that *Gregory Construction Co.* is distinguishable because it "involved lost profits and contracts." Appellees contend that notwithstanding the constitutional question in *Gregory Construction Co.*, a case or controversy existed between the parties because "the district court was still able to award Gregory prospective relief–specifically lost profits and an order directing the State to award Gregory a particular contract." However, the Appellees' contention is not supported by the facts of *Gregory Construction Co.* First, as this court noted, although Gregory initially sought "an order directing the State to award Gregory the Camp Grayling contract[,] . . . [b]y December 1986, the Camp Grayling project had been completed [by another construction company] and was paid for in full by the State." *Gregory Constr. Co.*, 1989 WL at *1. Second, this court noted that in "August 1987, the district court . . . dismissed Gregory's due process claim because of Gregory's lack of a legitimate claim of entitlement to the contract award." *Id.* at *2. Third, with respect to the district court's ruling in *Gregory Construction Co.*, this court noted that the district

8

court's order declared that "the [E]leventh [A]mendment bars Gregory's constitutional and statutory claims with the exception of any declaratory and prospective injunctive relief sought against individual state officials." *Id*. Therefore, Appellees are mistaken by their assertion of distinguishing factors in *Gregory Construction Co*. Indeed, *Gregory Construction Co*. is directly on point[5] as the only relief awarded by the district court and reviewed by this court was declaratory relief, injunctive relief, costs, and attorneys' fees based upon Gregory's facial challenge to the Act notwithstanding the intervening decision in *Michigan Road Builders*.[6]

Notwithstanding the holding in *Gregory Construction Co*., we conclude this court's decision in *Parks* moots the Appellant's claims for declaratory and injunctive relief. Here, the state officials prohibited Hood from exercising his First Amendment right to freedom of speech. In response, the Appellant filed suit seeking (1) a declaratory judgment that the Appellees' actions violated his First and Fourteenth Amendment rights, (2) an injunction prohibiting the state officials from enforcing the CSRAB regulations against him in the future, (3) compensatory damages, and (4) costs and attorney's fees pursuant to 42 U.S.C. § 1988(b). This court's decision in *Parks* alleviated the need for the district court to again declare the unconstitutionality of the CSRAB regulations, thereby

[5]Unpublished decisions of this court do not constitute binding precedent. However, they may constitute persuasive authority "especially where there are no published decisions which will serve as well." *In re Hess*, 209 B.R. 79, 82 n.3 (6th Cir. 1997) (citing *In re Braddy*, 195 B.R. 365, 370-71 (Bankr. E.D. Mich. 1996) ("[A]lthough the [Sixth Circuit] Court of Appeals does recognize that its unpublished decisions are not binding precedent in the same sense as published decisions, the [Sixth Circuit] does cite an unpublished decision when there is no published decision on point and the reasoning of the unpublished decision is found persuasive.")).

[6]Concerning the facial challenge, this court noted that "Gregory filed an amended complaint in October 1987 reasserting its facial challenge to the Act and omitting its due process claim [for lost profits]." *Gregory Constr. Co*., 1989 WL 78201, at *2.

rendering Hood's request for declaratory judgment moot. We further conclude that this court's decision in *Parks* enjoining the state from enforcing the CSRAB regulations against individual speakers provides Hood the injunctive relief he sought in his complaint. *See Parks*, 385 F.3d at 698-700. In so holding, we are not persuaded by the conclusion in *Gregory Construction* Co. that the trial court herein should again consider Hood's claims for declaratory and injunctive relief; rather, we conclude Hood's claims for such relief "are no longer 'live'" in light of the *Parks* decision. *See Davis*, 440 U.S. at 631, 99 S. Ct. at 1383.

Although we find that Hood's claims for declaratory and injunctive relief were disposed of by *Parks*, his claims for damages and attorney's fees were not. In *Memphis Light, Gas & Water v. Craft*, the Crafts and other customers of Memphis Light, Gas & Water ("MLGW"), sued MLGW for overbilling them. 436 U.S. 1, 4-5, 98 S. Ct. 1554, 1558 (1978). The district court refused to certify the plaintiffs as a class and dismissed their claims, and this court affirmed that decision. *Craft v. Memphis Light, Gas & Water Div.*, 534 F.2d 684 (6th Cir. 1976). Before turning to the merits of the case, the Supreme Court at the outset considered the question of mootness:

> As the case comes to us, the only remaining plaintiffs are respondents Willie S. and Mary Craft. Since the Court of Appeals affirmed the District Court's refusal to certify a class, the existence of a continuing "case or controversy" depends entirely on the claims of respondents. It appears that respondents no longer desire a hearing to resolve a continuing dispute over their bills, as the double-meter problem has been clarified during this litigation. Nor do respondents aver that there is a present threat of termination of service. "An injunction can issue only after the plaintiff has established that the conduct sought to be enjoined is illegal and that the defendant, if not enjoined, will engage in such conduct." *United Transportation Union v. Michigan Bar*, 401 U.S. 576, 584, 91 S. Ct. 1076, 1081, 28 L. Ed. 2d 339 (1971). Respondents insist, however, that the case is not moot because they seek damages and declaratory relief, and because the dispute that occasioned this suit is "capable of repetition, yet evading review." Tr. of Oral Arg. 45-46.
>     We need not decide whether this case falls within the special rule developed in *Southern Pacific Terminal Co. v. ICC*, 219 U.S. 498, 31 S. Ct. 279, 55 L. Ed. 310

10

(1911); *see Moore v. Ogilvie*, 394 U.S. 814, 816, 89 S. Ct. 1493, 1494, 23 L. Ed. 2d 1 (1969); *Roe v. Wade*, 410 U.S. 113, 125, 93 S. Ct. 705, 712, 35 L. Ed. 2d 147 (1973), to permit consideration of questions which, by their very nature, are not likely to survive the course of a normal litigation. <u>Respondents' claim for actual and punitive damages arising from MLG&W's terminations of service saves this cause from the bar of mootness.</u> Cf. Powell v. McCormack, 395 U.S. 486, 496-500, 89 S. Ct. 1944, 1950-1952, 23 L. Ed. 2d 491 (1969). <u>Although we express no opinion as to the validity of respondents claim for damages, that claim is not so insubstantial or so clearly foreclosed by prior decisions that this case may not proceed.</u>

*Craft*, 436 U.S. at 8-9, 98 S. Ct. at 1559-60 (some internal citations and footnotes omitted) (emphasis added); *see also Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 154 n.3, 98 S. Ct. 1729, 1732 n.3 (1978); *Owen of Ga., Inc. v. Shelby County*, 648 F.2d 1084, 1094 (6th Cir. 1981) (dismissing appeal on claim for injunctive relief as moot but remanding to the trial court for <u>consideration of money damages</u>); *see generally* 13A Charles Alan Wright et al., <u>Federal Practice & Procedure</u> *Jurisdiction 2d*, § 3533.3, at 262 ("Claims for damages or other monetary relief automatically avoid mootness . . . ."). In *Murray v. Board of Trustees, University of Louisville*, 659 F.2d 77 (6th Cir. 1981), we considered a similar question. The plaintiff in *Murray* filed suit under 42 U.S.C. § 1983 seeking injunctive relief, money damages, and attorney's fees based on the university defendant firing him as editor of the school newspaper for expressing speech in his job as editor with which it disagreed. *Id*. at 78. Relevant to the instant case, this court stated,

> Our review of this record indicates that the District Judge was correct in dismissing on grounds of mootness that portion of the complaint which sought injunctive relief. But we do not feel his dismissal of the entire cause of action as moot was justified.
> In the present posture of this case, we do not consider it ripe for appellate decision and we therefore do not reach the District Judge's finding of constitutional violations under the First and Fourteenth Amendments. While we accept as not clearly erroneous his finding that plaintiff failed to prove actual damages, the Supreme Court's holdings in *Carey v. Piphus*, 435 U.S. 247, 257 n.11, 266, 98 S. Ct. 1042, 1049 n.11, 1053, 55 L. Ed. 2d 252 (1978), require remand for the District Judge to consider in this § 1983 action plaintiff's claims for <u>nominal damages and</u>

11

attorney fees.

*Id*. at 78-79 (emphasis added). In *Murray*, we cited the footnote in *Carey* for the proposition that section 1988 attorney's fees operate as a deterrent. *See, e.g., Carey*, 435 U.S. at 257 n.11, 98 S. Ct. at 1049 n.11 (1978) ("We also note that the potential liability of § 1983 defendants for attorney's fees provides additional-and by no means inconsequential-assurance that agents of the State will not deliberately ignore due process rights.") (internal citations omitted).

In his complaint, Hood originally requested an award of compensatory damages[7] and attorney's fees. Even though we express no opinion as to their validity, our decision in *Parks* did not render Hood's claim for money damages or attorney's fees moot. *See Murray*, 659 F.2d at 78-79. While the Appellant may have withdrawn his claim for compensatory damages, *see supra* n.7, the trial court on remand must consider in the first instance whether the Appellant has any viable claim for damages, nominal or otherwise, remaining and whether he is entitled to an award of attorney's fees and costs pursuant to 42 U.S.C. § 1988.[8]

---

[7]In its order granting summary judgment, the district court indicated in a footnote that the Appellant had withdrawn his claim for compensatory damages in his memorandum in opposition to the Appellees' motion to dismiss. That document has not been included in the record on appeal. We note, however, that the issue presented in the motion to dismiss was based on *Rooker-Feldman* grounds, which this court held did not prevent the Appellant from challenging the state's violation of his First Amendment right to free speech. *See supra* at 3-4. In any event, because the record does not reflect that the Appellant reasserted his claim for compensatory damages in the wake of our prior decision in this case, we conclude Hood has apparently abandoned this claim.

However, on remand, the trial court should consider if our prior decision in this case had any effect on Hood's abandonment of his claim for compensatory damages. Further, in light of our pronouncement in *Murray*, the trial court should consider whether the Appellant has any viable claim for damages remaining before turning to the question of whether Hood is entitled to an award of attorney's fees as a prevailing party.

[8]42 U.S.C. § 1988(b) provides that "[i]n any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, . . . the court, in its discretion,

**CONCLUSION**

Based upon the foregoing, the judgment of the district court is AFFIRMED in part, REVERSED in part, and the case is remanded to the district court for its consideration of the Appellant's claim for damages and request for attorney's fees and costs.

---

may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . ."

In *Hensley v. Eckerhart*, the United States Supreme Court held that a plaintiff is a prevailing party entitled to an award of attorney's fees if he has succeeded on "any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." 461 U.S. 424, 433, 103 S. Ct. 1933, 1939 (1983). "Respect for ordinary language requires that a plaintiff receive at least some relief on the merits of his claim before he can be said to prevail." *Hewitt v. Helms*, 482 U.S. 755, 760, 107 S. Ct. 2672, 2675 (1987). In order "to be considered a prevailing party within the meaning of § 1988, the plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant." *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792, 109 S. Ct. 1486, 1493 (1989). "The touchstone of the prevailing party inquiry [therefore] must be the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute. Where such a change has occurred, the degree of the plaintiff's overall success goes to the reasonableness of the award under *Hensley*, not to the availability of a fee award *vel non*." *Id*. at 792-93, 109 S. Ct. at 1494. On remand, the district court must consider whether Hood is a "prevailing party" under these precedents.