WILSON, Circuit Judge,
dissenting, joined by MARTIN, JORDAN, ROSENBAUM, and JILL PRYOR, Circuit Judges:
I dissent because Plaintiffs’ request for nominal damages saves this constitutional case from mootness. This conclusion is far from novel; courts have held, in varying types of eases, that nominal damages save a case from mootness. See, e.g., Morgan v. Plano Indep. Sch. Dist., 589 F.3d 740, 748, 748 n.32 (5th Cir. 2009); Advantage Media, L.L.C. v. City of Eden Prairie, 456 F.3d 793, 803 (8th Cir. 2006); Utah Animal Rights Coalition v. Salt Lake City Corp., 371 F.3d 1248, 1258 (10th Cir. 2004);[1] Bernhardt v. Cty. of Los Angeles, 279 F.3d 862, 872 (9th Cir. 2002); Van Wie v. Pataki, 267 F.3d 109, 115 n.4 (2d Cir. 2001); Henson v. Honor Comm. of U. Va., 719 F.2d 69, 72 (4th Cir. 1983); Murray v. Bd. of Trustees, Univ. of Louisville, 659 F.2d 77, 79 (6th Cir. 1981).
When constitutional rights are violated, it is difficult, if not impossible, to place a monetary value on the infringement. “[A] civil rights plaintiff seeks to vindicate important civil and constitutional rights that cannot be valued solely in monetary terms.” City of Riverside v. Rivera, 477 U.S. 561, 574, 106 S.Ct. 2686, 2699, 91 L.Ed.2d 466 (1986). Civil rights litigation “serve[s] the public interest” and “secures important social benefits that are not reflected in nominal or relatively small damages awards....” Id. Nominal damages provide a useful mechanism for redressing infringements that cause no actual damages. This is exactly how the Supreme Court has described nominal damages. See Maj. Op. at 1266 (recognizing that the Court noted nominal damages as “the appropriate remedy for a constitutional violation that caused no ‘actual, provable injury”’). I believe that the most workable option is a bright line rule allowing nominal damages to save constitutional claims from mootness. When evaluating the significance of nominal damages, “it does not matter whether the underlying claim involves a deprivation of a procedural or substantive constitutionally-based right.” See Harden v. Pataki, 320 F.3d 1289, 1301 n.15 (11th Cir. 2003) (internal quotation marks omitted). “Quite simply, when constitutional rights are violated, a plaintiff may recover nominal damages even though he suffers no compensable injury.” *1272 KH Outdoor, LLC v. City of Trussville, 465 F.3d 1256, 1261 (11th Cir. 2006) (internal quotation marks omitted).
I.
The majority’s concerns about allowing nominal damages to save a constitutional claim from mootness are not as grave as the majority makes them out to be. The majority states:
If a mere prayer for nominal damages could save an otherwise moot case, the jurisdiction of the court could be manipulated, the mootness doctrine could be circumvented, and federal courts wpuld be.required to decide cases that could have no practical effect on the legal rights or obligations of the parties.
Maj. Op. at 1270. But allowing claims to proceed based on nominal damages would lead to no worse jurisdictional manipu-, lation than what happened here:. a city repealed a challenged ordinance years into litigation and just days after we granted en banc review. For nominal damages to save a.claim from mootness, the claim would have to be otherwise moot and there would have to be no other possible type of damages still available. The cases that meet this checklist would be limited. Indeed, the circuits that have held the opposite of the majority on this issue seem to be weathering the storm. See, e.g., Morgan, 589 F.3d at 748, 748 n.32. Finally, in regards to practical effects, protecting a plaintiffs constitutional rights from infringement, no matter how temporary, is a practical effect.
II.
. The majority’s holding is, at best, undermined and, at worst, contradicted by its footnotes. At first glance, the majority’s holding appears to be clear and concise. The majority states that “nominal damages cannot save an otherwise moot case” and that “[nominal damages] are not themselves an independent basis for [Article III] jurisdiction.” Maj. Op. at 1267, 1268-69. But those two statements have to be reconciled with the majority’s statements in footnotes that “our holding here does not foreclose the exercise of jurisdiction in all cases where a plaintiff claims only nominal damages” and that “[the majority’s holding does] not imply that a case in which nominal damages are the only available remedy is always or necessarily moot.” Maj. Op. at 1263 n.12, 1270 n.23 (emphasis added). These latter statements are the result of the majority trying to reconcile its holding with contradictory precedent (Section A). Also, the majority’s holding is unworkable and defies the purpose of nominal damages (Section B). Even if the majority does not concede that its holding is foreclosed by precedent or is unworkable, the holding falters because this case would fall within the confines of whatever exceptions these statements from the footnotes set out (Section C).
A. Contradictory Precedent
In distinguishing Carey, a Supreme Court case'emphasizing the role of nominal damages, the majority states:
[W]here an alleged constitutional violation presents an otherwise live case or controversy, a district court is not precluded from adjudicating that dispute. If that court determines that a constitutional violation occurred, but that no actual damages were proven, it is within its Article III powers to award nominal damages. If that .plaintiff appeals the determination that no actual damages were proven, the appellate court likewise has jurisdiction to review that decision, because the claim for actual damages maintains the live controversy.
Maj. Op. at 1270 n.23. So, according to the majority, nominal damages are appropriate only if actual damages are in play throughout the ease but then at the end of *1273 the case the plaintiff fails to prove actual damages. And that scenario is different from here because Plaintiffs in this case never requested actual damages. In the other cases awarding nominal damages, the “claim for actual damages maintains the live controversy.” Maj. Op. at 1270 n.23. However, the majority fails to address the statement in Carey that the Supreme Court “believe[s] that the denial' of procedural due process should be actionable for nominal damages without proof of actual injury.” Carey, 435 U.S. at 266, 98 S.Ct. at 1054. Actionable is defined as “furnishing the legal ground for a lawsuit or other legal action.” Actionable, Black’s Law Dictionary (10th ed. 2014). Therefore, under Supreme Court precedent, one can bring a suit solely for nominal damages, which means that nominal damages defy mootness on their own. This precedent cannot be squared with the majority’s statement that “[nominal damages] are not themselves an independent basis for [Article III] jurisdiction.” Maj. Op. at 1268-69.
The majority dismisses nominal damages as “psychic satisfaction” or akin to an “advisory opinion.” Maj. Op. at 1268, 1270. Yet, the majority acknowledges that the Supreme Court has held that there are situations where the only relief a plaintiff would receive is nominal damages. See Maj. Op. at 1266 (“[I]f the district court determined on remand that actual damages were not available, the students ‘nevertheless [would] be entitled to recover nominal damages not to exceed one dollar.’”). This puts the majority in the position of either admitting that we can give “psychic satisfaction” or that nominal damages are something else. Whatever their answer is, we can award this remedy by itself.
If the majority agrees that a case can result in the award of only nominal damages, then it must.concede that nominal damages can save a claim from mootness. See Carey, 435 U.S. at 266-67, 98 S.Ct. 1042 (“We therefore hold . that if, upon remand, the District Court determines that respondents’ suspensions were justified, respondents nevertheless will be entitled to recover nominal damages not to exceed one dollar from petitioners.”). For without that concession, whenever nominal damages are the last remedy still in play, no matter how late in the case, the case is moot, and there would be no cases where only nominal damages were awarded. But those cases exist. See Farrar v. Hobby, 506 U.S. 103, 115, 113 S.Ct. 566, 575, 121 L.Ed.2d 494 (1992) (affirming the award of only nominal damages). The majority believes that “elaim[s] for actual damages maintain[ ] the live controversy.” But “Article III of the Constitution requires that there be a live case or controversy at -the time that a federal court decides the case.” Burke v. Barnes, 479 U.S. 361, 363, 107 S.Ct. 734, 736, 93 L.Ed.2d 732 (1987). If a court has to have a live case or controversy when it decides a case and a court can award only nominal damages, then nominal damages provide the live case or controversy.
B. Unworkable Holding
Under the majority opinion, a claim for nominal damages is not moot if “nominal damages- would have a practical effect on the parties’ rights or obligations.” Maj. Op. at 1263. Citing a few libel and trespassing examples, the majority provides very little elarity on what constitutes a sufficient practical effect.[2] The majority rules that this case is moot because the ordinance has been repealed. But as the libel and trespassing examples demonstrate, nominal damages are about remedying. past *1274 wrongs, not future ones. To be clear, the majority concedes there was an Article III injury in this case by dismissing it on mootness grounds instead of on standing grounds. Under the majority’s opinion, declaring that someone’s constitutional rights have been violated is not a practical effect. Yet making sure someone does not speak poorly about you or come onto your land are practical effects. The reasons for granting less protection to one’s constitutional rights than one’s land or reputational rights elude me. While the exact borders of your land and protecting your reputation from harm are surely significant, I am inclined to believe that the penumbra of rights contained in the Constitution are at least worthy of similar protection.
The majority bases its ruling, in large part, on a Tenth Circuit concurrence that states, “I see no reason to treat nominal and declaratory relief differently” and “[Ijabeling the requested relief ‘nominal damages’ instead of ‘declaratory judgment’ should not change the analysis.” Utah Animal Rights Coal., 371 F.3d at 1265-66 (McConnell, J., concurring).[3] But nominal damages are distinct from a declaratory judgment in that nominal damages remedy a past invasion of a right:
Nominal damages are damages awarded for the infraction of a legal right, where the extent of the loss is not shown, or where the right is one not dependent upon loss or damage, as in the case of rights of bodily immunity or rights to have one’s material property undisturbed by direct invasion. The award of nominal damages is made as a judicial declaration that the plaintiffs right has been violated.
Charles T. McCormick, Handbook on the Law of Damages § 20, at 85 (1935) (emphasis added). Nominal damages are “[a] trifling sum awarded when a legal injury is suffered but there is no substantial loss or injury to be compensated.” Nominal Damages, Black’s Law Dictionary (emphasis added); see also Brooks v. Warden, 800 F.3d 1295, 1308 (11th Cir. 2015) (citing Calhoun v. DeTella, 319 F.3d 936, 941 (7th Cir. 2003) (“[Njominal damages are not compensation for loss or injury, but rather recognition of a violation of rights.”)). Despite the existence of nominal damages, the majority states that “absent an accompanying practical effect on the legal rights or responsibilities of the parties before us, we are without jurisdiction to give them that satisfaction.”[4] Maj. Op. at 1268. Lower courts are now left with the task of deciding what constitutes a practical effect sufficient to survive mootness. I struggle to comprehend a sufficient practical effect to meet the majority’s requirement. The majority’s finding that a ruling here would produce no “practical effect” is troubling.
C. Majority Exceptions Apply Here
If we take the time to consider what a ruling in this case would do, it is clear that a ruling would indeed “have a practical effect on the parties’ rights or obligations.” Maj. Op. at 1263. The City of Sandy *1275 Springs potentially violated Plaintiffs’ constitutional rights by enacting this ordinance. If we dismiss this case now, no ruling would confirm that such violation occurred, the City would be free to reenact the ordinance at a later date, and Plaintiffs would have to relitigate the case. If however we decide this case and determine that the City of Sandy Springs violated the Constitution in enacting the ordinance, then the City would be stopped from even reenacting the ordinance. That is a practical effect on the City’s obligations sufficient to save the case from mootness under the majority’s holding. See id.
Plaintiffs believe that their rights were violated by the enactment of the ordinance. They are asking for judicial recognition of that right so that it is not violated again. Declaring that their rights were violated is of legal significance. Plaintiffs could feel secure in their knowledge that their rights were violated and have protection from future infringement. Instead, we ignore the possible past injury to the Plaintiffs’ rights, forcing Plaintiffs to wait until a second violation occurs to seek vindication. Judges need not go in search of rights that need protection, but when a plaintiff claims that her constitutional rights have been violated, we owe her an answer.
III.
The majority ignores Plaintiffs’ prayer for nominal damages because, in the majority’s view, Plaintiffs have “already won,” and “there is simply nothing left for us to do.” Except Plaintiffs have not obtained everything they want, and there is something left for us to do — that is to determine whether the Plaintiffs’ constitutional rights were violated by the now repealed ordinance.
For a number of civil rights violations (e.g., free speech, procedural due process), compensable damages may not always exist. Under the majority opinion, as long as the government repeals the unconstitutional law, the violation will be left unaddressed; the government gets one free pass at violating your constitutional rights.
I respectfully dissent.

. While the majority is “in substantial agreement with the views expressed by Judge McConnell in his concurring opinion in Utah Animal Rights Coalition v. Salt Lake City Corp., 371 F.3d 1248, 1262-71 (10th Cir. 2004),” I find Judge McConnell's majority opinion in that same case more persuasive, see id. at 1258 (holding that nominal damages save the case from mootness).

. Moreover, the majority fails to ground its "practical effect” test in binding law — all of the decisions it cites that refer to the concept of practicality are non-binding.

. See Maj. Op. at 1267 (‘‘[W]e are in substantial agreement with the views expressed by Judge McConnell in his concurring opinion.”)

. The majority's ruling that nominal damages do not adequately alter the legal rights or responsibilities of the parties for purposes of justiciability is difficult, if not impossible, to square with the Supreme Court's ruling in Farrar that nominal damages achieve a "material alteration of the legal relationship of the parties” for purposes of determining prevailing-party status for an award of attorney’s fees under 42 U.S.C. § 1988. Farrar, 506 U.S. at 111, 113 S.Ct. 566 (internal quotation marks and citation omitted). In the Supreme Court’s view, "A judgment for damages in any amount, whether compensatory or nominal, modifies the defendant’s behavior for the plaintiff's benefit by forcing the defendant to pay an amount of money he otherwise would not pay.” Id. at 113, 113 S.Ct. 566, 575.